COMM'RS OF OSBORNE• CO., *et al.*, v. WINSLOW BLAKE.

| 19 | 299 |
|----|-----|
| 43 | 713 |

INJUNCTION; *County Taxes Levied for Current Expenses in Excess of Author-ized Amount.* In an action to perpetually enjoin the collection of certain taxes, the petition of the plaintiff alleged in substance as follows: In 1876 the county commissioners of Osborne county levied for the current expenses of the county that year all the tax that they had any authority to levy, and more too; and in addition thereto they levied a tax of eighteen mills on the dollar of the valuation of the taxable property of said county for that year for the purpose of paying a certain judgment "which had been rendered on warrants issued by said board of county commissioners to defray the current expenses of said county mainly for previous years;" but for what amount of the current expenses of the year 1876, or of any previous year or years such warrants were issued, the petition does not state or show. Neither does the petition state or show what tax or how much tax had been previously levied for any one of said previous years to pay the current expenses of such previous year. *Held,* That the petition does not state facts sufficient to authorize a perpetual injunction restraining the collection of all of said eighteen-mill tax.

## *Error from Osborne District Court.*

INJUNCTION brought by *Blake,* against *R. R. Hays* as county treasurer, *L. D. Honn* as sheriff, the *Board of County Commissioners of Osborne County,* and James A. Wilson, to restrain the collection of certain county taxes assessed and levied upon *Blake's* personal property in the year 1876. The facts, pleading, and proceedings, are sufficiently stated in the subjoined opinion. Judgment was given in favor of *Blake,* at the April Term 1877 of the district court, and the *Board of County Commissioners,* sheriff, and treasurer appeal, and bring the case here for review.

*A. Saxey,* for plaintiffs in error.

*C. Reasoner,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by Blake to perpetually enjoin the collection of certain taxes. The petition in the court below alleged among other things that

the county commissioners of Osborne county, on the 7th of October 1876, levied certain taxes, all for the current expenses of said county, and all for the current expenses of that year except one of said taxes, which was levied for the payment of a certain judgment "which was rendered" in favor of one Wilson "on warrants issued by the said board of county commissioners to defray the current expenses of said county mainly for previous years." For what amount of the current expenses of the year 1876, or of any previous year or years, these warrants were issued, the petition does not show. The amount for the year 1876 may have been one cent, or one dollar, or any other small amount. The tax levied for the payment of said judgment was 18 mills on the dollar of the valuation of the taxable property of said county for that year, and the total levy of taxes for current expenses for that year amounted to 36 mills on the dollar of said valuation. The assessed value of all the taxable property of said county amounted to less than five millions of dollars, and hence the county commissioners were authorized to levy a tax, for the current expenses of any one year, of one per cent. on the dollar of such valuation, and no more. "The said board of county commissioners were not authorized by any direct vote of the electors of said county to levy a tax exceeding one per cent. for current county expenses upon the valuation of the taxable property of said county; nor were they authorized by any direct vote of the electors of said county to levy any tax whatever for the payment of said judgment; nor was any portion of said taxes levied for the purchase of land, or for the erection of buildings thereon for the maintenance of the poor of said county, or for the support of the poor therein; nor was said board of county commissioners authorized by a vote of the electors of said county to levy a tax for said purposes." Upon this petition and affidavits a temporary injunction was allowed. All of the defendants demurred to said petition. Those of said defendants who are now plaintiffs in error demurred to said petition on the ground that it did not state facts suffi-

cient to constitute a cause of action. Said demurrer was overruled; and the defendants making no application to answer to said petition, a decree was given against them upon the petition, perpetually enjoining them "from collecting all of said taxes levied in excess of one per cent. on the dollar of the valuation of the property of the said Winslow Blake for current county expenses for the year 1876."

Both parties construe this decree as perpetually enjoining the collection of that portion of said 18-mill tax which was levied on Blake's property for the purpose of assisting in paying Wilson's judgment; and, as the decree is open to such a construction, we shall also construe it in the same manner. And giving it such a construction, we think it is erroneous. It is true that the commissioners of Osborne county had no authority to levy a tax for the current expenses of such county for any one year of over one per cent. on the valuation of the property of such county for such year. (Gen. Stat. 294, ch. 25, § 181.) But said 18-mill tax to pay Wilson's judgment was not levied "for the current expenses of *any one year*." It was levied for the current expenses of *years*, and mainly for the current expenses of years previous to 1876; but for just how many of such years, and for what particular years, we are not informed. Now it may be that in said previous years only a small amount of tax was levied for the current expenses of those years; and if so, then we can see no good reason why the county commissioners should not be allowed to levy an additional amount of tax for the current expenses of those years, provided that the two levies for any one year should not in the aggregate exceed one per cent. on the valuation. For instance, suppose that in 1875 the county commissioners levied a tax of only five mills on the dollar for the current expenses of that year, and suppose that such tax paid only one-half of the current expenses of that year — then we can see no good reason why the county commissioners should not be allowed in 1876 to levy another tax of five mills on the dollar to pay the other half of said current expenses of the year 1875. And we

would not think that this last-mentioned levy would in any manner interfere with the power of the commissioners to levy taxes for the current expenses of the year 1876. Now while we would think that the plaintiff's petition stated facts sufficient to constitute a cause of action for enjoining the collection of a portion of the taxes mentioned therein, still we do not think that it stated facts sufficient to constitute a cause of action for enjoining the collection of said 18-mill tax. The petition did not attempt to state or show what or how much tax had been previously levied on or for any one of said previous years to pay the current expenses of such year. And hence it did not show that the commissioners did not have the power to levy said 18-mill tax, or at least the main portion of it. And if they had the power to levy any portion of it, the plaintiff would have no right to enjoin the collection of the whole of it. The decree of the court below was given upon the petition alone without any evidence being introduced. This was proper enough so far as the petition stated facts sufficient to authorize the judgment; for the defendants were in default for want of answer. But so far as the petition was defective, or did not state facts sufficient to authorize the decree, the decree was erroneous; and this would have been so even if evidence had been introduced, unless introduced by the consent of both parties, for there was no issue in the case requiring or authorizing the introduction of any evidence. All the facts stated in the petition were admitted by the default. But the default did not admit anything not stated in the petition.

The decree of the court will be reversed, and cause remanded for further proceedings in accordance with this opinion.

All the Justices concurring.