WILLIAM C. SLOAN, *County Clerk, et al.*, v. DAVID BEEBE.

1. SIDEWALK TAX, *Illegal.* Where a city ordinance is passed in a city of the third class, requiring the abutting lot-owners to build a certain *plank* sidewalk, and B., an abutting lot-owner, does not build any portion of such sidewalk, and afterward a *stone* sidewalk is built by the city officers, and the city then passes another ordinance making an appropriation out of the general revenue fund to pay for such sidewalk, and afterward (and after November 15 of that year) a tax is certified-to the county clerk and entered on the county tax-roll against the abutting lots to pay for such *stone* sidewalk, *held*, that such tax is illegal, for the reason, among others, that no ordinance was ever passed requiring said stone sidewalk to be built, or making any assessment or levying any tax to pay for the same, and that such cities have no power to build sidewalks, or to make assessments, or to levy taxes, except by ordinance.

2. ———— Some other matters discussed in the opinion.

*Error from Saline District Court.*

ACTION brought by *Beebe* against *Wm. C. Sloan*, county clerk of Saline county, *J. B. Hamilton*, the treasurer of said county, the *City of Salina*, and the *Salina Building, Saving and Trust Association*, to obtain an injunction restraining the defendants from collecting certain taxes, and from obtaining or issuing certain tax deeds. Trial by the court at the November Term, 1878, and judgment for the plaintiff. The defendants bring the case here. The facts are fully stated in the opinion.

*John Foster*, for plaintiffs in error.

*Charles A. Hiller*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: On the 9th day of September, 1878, the defendant in error commenced his action in the district court of Saline county, to obtain an injunction restraining plaintiffs in error, who were defendants below, from the collection of certain taxes and from obtaining or issuing certain tax deeds. On the same day a restraining order was issued by the judge

of said court, at chambers. Plaintiffs in error filed a general denial, and upon the 15th day of October, 1878, upon a hearing before said judge, a temporary order of injunction was granted. At the November term, 1878, a trial was had before the court in the said district court, and the court made special findings, as follows:

"The court finds the following conclusions of fact:

"*First:* That it is admitted by the parties on the trial, in open court, that the defendant W. C. Sloan was, at the commencement of this suit, the county clerk of this county, and acting as such; that the defendant J. B. Hamilton was county treasurer, and acting as such; that the defendant city was duly organized and acting as a city of the third class, and had been and was such during the times covered by this controversy; that the defendant association is a corporation under the laws of this state, duly organized and acting, and was such during all the time hereinafter mentioned; that the witness hereinafter introduced, F. H. Wildman, was city clerk of said defendant city for one year from the —— day of April, 1875, and that one E. E. Bowen was such city clerk for the year previous (1874); that plaintiff herein, Beebe, was the legal and acting county clerk of Saline county during the years of 1874 and 1875; that plaintiff was the owner and holder in fee simple of the lots and lands described in the petition, and during the times therein set forth; that said plaintiff was a share-holder in said defendant association on January 1, 1874, and mortgaged the property described in the petition to said association on a loan; that the defendant city built and paid for, at the rate of 43c. per linear foot, on said plaintiff's lots, at the total cost of $——, in the years 1874 and 1875, the sidewalk in plaintiff's petition mentioned; that the ordinance passed by said city, directing said sidewalk to be built, directed, ordered and proclaimed it to be built of pine boards, plank and joists, while said sidewalk was in fact built wholly of stone; that said lots, in the petition named, were sold for the taxes of 1875, and a tax deed was due defendant association on said lots Nos. 27, 28 and 29, on the face of the records and papers, on the 9th of September, 1878, for it had taken out and held by assignment from the county, on the 11th day of July, 1877, tax-sale certificates in common form; that a part of the taxes covered by said sale of 1875, and by the tax certificates of defendant as-

sociation, was the sidewalk tax above named; that plaintiff Beebe has ever refused to recognize the validity of said sidewalk tax, and ever resisted the same; that the lots in plaintiff's petition mentioned were vacant and unoccupied from the date of the levy of this tax to the present time, and that none of defendants has ever had any possession of them.

"*Second:* From the testimony the court finds, that in addition to the ordinance above named directing said sidewalk to be built, and how to be built, etc., there was an ordinance (or ordinances) making an appropriation from the city treasury for the payment of the same to the contractor or builder of such walk, and none other; there was no ordinance making an assessment or levy of cost of such walk against said lots, or the owner, and no notice to plaintiff by the city to build said walk, or of its cost, or demand for payment of same, save the constructive notice given by the proper publication of said two ordinances above named, and there is no proceeding, order, finding, or notice of or about this sidewalk on the journal of the city, or in its council proceedings.

"*Third:* The proceedings on the part of the city with reference to building such walk and making a tax against such lots for such walk, other than the two ordinances above named, were as follows: After the ordinance directing such walk to be built, the council advertised (in what way does not appear) for bids for such work, and let the same in writing to the lowest bidder; that then the whole matter was referred to the committee of the council on 'streets and sidewalks,' which looked after the building, measured and accepted the same, figured upon and decided the amount due the contractor, orally reported that amount to the city council, and they passed the ordinance of payment; that said committee also gave to the city clerk (the witness F. H. Wildman) the numbers of the lots on which sidewalks had been built, and the number of feet of each lot, and the said city clerk on these data figured upon and decided (under the said contract with the contractor, I suppose—it does not appear how) the amount due upon each lot, and this he put into his statement and thus made up the levy or amount of sidewalk tax against each lot, and returned it to the county clerk, and it was filed, and is *the* certified statement from which is found and was taken, in that office, the amount of sidewalk tax against each lot, and the same put on the tax roll in the manner hereinafter set forth.

"*Fourth:* That the above-named F. H. Wildman (city clerk)

was, during the term of office of plaintiff as county clerk as aforesaid, twice duly appointed in writing as deputy county clerk, and after working awhile under each appointment was by said plaintiff discharged from further duty in his said office, and from this plaintiff understood and intended to revoke his said appointment as deputy, but he never did revoke his said appointment in writing; that said Wildman accepted said last discharge sometime in the spring of 1875, and went about other businesses, one of which was city clerk aforesaid.

"*Fifth:* That said Wildman, after so leaving said office of county clerk, and while city clerk as aforesaid, after filing his said certified statement of the sidewalk tax in question, in the county clerk's office as aforesaid, and after the 15th day of November, 1875, and after the tax-roll had been by the county clerk made up and turned over to the county treasurer, and he had begun to and was collecting taxes for that year and had full possession of said tax-roll, went to the county clerk's office, took the (his) certified statement of these taxes, and, claiming in his own mind to be deputy county clerk, put in his own hand such taxes and charges on the tax-roll opposite the respective lots of plaintiff and others, where they now remain, and all without the knowledge of plaintiff at the time, though plaintiff was then alone performing the duties of said office of county clerk.

"*Sixth:* That plaintiff claims that he has overpaid the defendant association on his said loan more than enough to cover the tax certificates now held by it on these lots; that defendant association claims that there is something still due it on said loan over and above these taxes or certificates; amount of tax certificates held by association on said three lots of plaintiff, $70.05.

"*Seventh:* That defendant association had not demanded a deed on its said certificates when this suit was commenced, but intended to do so on the 10th of September (next day after), and would have done so and the deed issued, had it not have been for the restraining order issued at the commencement of this suit.

"*Eighth:* The said stone sidewalk built was a very poor and inferior one, soon got out of place and repair, and, as compared with the kind of a walk described in the ordinance, is inferior, but cost 12 cents per front foot less than the council could then have got the other (wood) walk built for, and a reasonable price for the work at that time.

"*Ninth:* That on the 7th day of September, 1878, and before the commencement of this suit, the plaintiff tendered to defendant, county treasurer, all taxes due upon the lots in said petition mentioned, and all charges on the tax-roll save the sidewalk tax in question, which he refused to tender and to pay, and the said tender was, by said county treasurer, defendant, refused.

"*Tenth:* That in said mortgage of plaintiff to defendant association there is, *inter alia,* the following clause or condition, to wit: 'But the board of directors of said Salina Building, Saving and Trust Association may, at its option, pay or cause to be paid the said taxes and assessments so due and payable, and charge them against said party of the first part.'"

The court also found the following conclusions of law:

"1. That said claimed sidewalk tax is illegal.

"2. That said claimed sidewalk tax was not properly on the tax-roll of the county as a tax for the year 1875.

"3. That said plaintiff, having tendered to the county treasurer all lawful taxes due on the property in his petition mentioned before the commencement of this suit, is entitled to an injunction against the tax certificates of defendant association, and is also entitled to an injunction against the collection or enforcement of said sidewalk tax by the county or city.

"4. That, *quære*, is not defendant association estopped by the clause in said mortgage mentioned, from taking out tax-sale certificates on said property? Should not it hold the tax as a charge against the property merely?"

The defendants below made a motion to set aside the conclusions of law and for a new trial, and requested the court to make the additional finding of fact, that the said sidewalk was worth the price paid for it, and was a benefit to said David Beebe, all of which was overruled and excepted to. A perpetual injunction was allowed by the court against all the plaintiffs in error, and costs assessed against them; to which rulings, exceptions were saved by each of these plaintiffs in error. The plaintiffs in error submitted to Hon. J. H. Prescott, the judge who tried this case, a case-made, with the suggestions of amendment of defendant in error. The said judge made many erasures and additions to the said case-

made other and over and above those suggested by said plaintiff below. The plaintiffs in error objected and excepted to such changes, and now bring the case here to reverse said judgment.

The first point made by plaintiffs in error is with reference to said erasures and additions. Now it is the opinion of this court, that the judge of the district court, in settling a case-made for the supreme court, has the power, on his own motion or at the suggestion of either party, and before signing such case-made, to make such alterations in the case-made, such erasures and additions, as may be necessary to make the case-made speak the truth. And it is not shown that anything different from this was done in this case.

But passing to the main question in the case: Was said perpetual injunction properly granted? Or in other words, was said sidewalk tax illegal, or not? We think that the tax was illegal, and therefore that the injunction was properly granted.

Sidewalk tax, illegal.

It appears that the city, by its mayor and council, passed an ordinance requiring in substance that the plaintiff and other abutting lot-owners should build a certain kind of *plank* sidewalk on the west side of Santa Fé avenue in said city. The plaintiff did not build any portion of said sidewalk. Afterward the city officers, without any ordinance being passed therefor, built a *stone* sidewalk in place of said contemplated *plank* sidewalk; the city afterward passed an ordinance appropriating money out of the general revenue fund to pay for said *stone* sidewalk, but never passed any ordinance assessing or levying any tax against the abutting lot-owners or their lots to pay for such *stone* sidewalk. Indeed, the city passed only two ordinances with reference to the matter—one ordering the building of said *plank* sidewalk, and the other ordering an appropriation from the general revenue fund to pay for said *stone* sidewalk. Some of the city officers, however, without an ordinance, assessed the tax in controversy against the abutting lots to pay for said *stone* sidewalk. Now we think said tax is illegal, because there was no

ordinance requiring or authorizing said *stone* sidewalk to be built; and there was no ordinance requiring or authorizing an assessment of a tax to pay for the same. No power is given to cities of the third class to build sidewalks, or to make an assessment to pay for the same, except by ordinance. (Comp. Laws 1879, p. 192, § 34.) Besides, while all sidewalk taxes or assessments in cities of the third class must be certified by the officers thereof to the county clerk so that he may place them on the county tax-roll for collection, (Comp. Laws 1879, p. 194, § 43,) and while such taxes or assessments should be so certified on or before August 25th of each year, (id., p. 956, § 82,) and while the county clerk should immediately after that time place them upon the tax-roll of his county, and should complete such tax-roll and hand it to the county treasurer and charge the county treasurer with all the taxes placed thereon, all on or before the first day of November in each year, (id., p. 956, § 84,) and while all the taxes for any particular year become due on the first day of November and then become a lien on real estate, (id., p. 956, § 85,) and are to be paid by the then owner of the real estate, and not by his grantee if the real estate should afterward be conveyed, (id., p. 956, § 86,) and while the county clerk, as a finishing touch, should, on or before November 15th, transmit to the auditor of state a statement showing *the total amount of taxes* levied in his county *for all purposes in such year,* (id., p. 956, § 87,) yet, in this particular case, *the sidewalk tax was not even certified to the county clerk until November 16th,* which was some time after the county clerk had delivered the tax-roll to the county treasurer, and some time after the treasurer had commenced to collect the taxes thereon. How long after November 16th it was before this sidewalk tax was placed on the tax-roll, is not very definitely shown. It might have been placed on the tax-roll the next day, or some time afterward; and when it was placed on the tax-roll, it was placed thereon without the knowledge or consent of the county clerk, by a person who had previously been appointed deputy

county clerk, but who was not at that time doing any business in the county clerk's office.

The judgment of the court below will be affirmed, upon condition, however, that the tender made by the plaintiff to the county treasurer be kept good.

All the Justices concurring.