HANNAH LEE BARRON *et al.* V. CHARLES H. KREBS, *as County Clerk of Atchison County, et al.*

CITY — *Sidewalk Tax, Void.* Where a city of the first class constructs a sidewalk, and levies taxes upon the abutting lot-owners to pay for such sidewalk, and all this is attempted to be done under chapter 37 of the Laws of 1881, (Comp. Laws of 1885, ch. 18, pp. 134–156,) and not under chapter 38 of the laws of 1881, (Comp. Laws of 1885, pp. 157–159,) and no ordinance is ever passed by the city under which the sidewalk is constructed, but all the work is done under a resolution only, *held,* that the sidewalk tax is void.

*Error from Atchison District Court.*

ACTION by *Barron* and four others, to restrain the issuance of certain tax deeds. Judgment for defendants, on January 15, 1886. The plaintiffs bring the case to this court. The facts appear in the opinion.

*L. F. Bird,* for plaintiffs in error.

*Waggener, Martin & Orr,* for defendant in error J. P. Brown.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought originally in the district court of Atchison county for an injunction to perpetually enjoin the county clerk from issuing tax deeds upon certain tax-sale certificates embracing certain real estate situated in the city of Atchison, and belonging to the plaintiffs, which tax-sale certificates were issued upon tax sales made in the year 1883 for certain sidewalk taxes levied by the city of Atchison in the year 1882. The city of Atchison was at that time, and still is, a city of the first class. All parties interested in the tax-sale certificates or in the taxes represented by them were made parties to the action. The case was tried before the court without a jury, and the court made special findings of fact and conclusions of law, and rendered judgment thereon in favor of the defendants and against the plaintiffs for costs; and the plaintiffs, as plaintiffs in error, bring the case to this court for review.

The sidewalk in question in the present case was built in the spring of 1882, in accordance with certain proceedings evidently intended by the city authorities to be had under chapter 37 of the Laws of 1881, (Comp. Laws of 1885, ch. 18, pp. 134–156,) and not under chapter 38 of the Laws of 1881. (Comp. Laws of 1885, pp. 157–159.) Among the findings of fact made by the trial court are the following:

"2. A sidewalk had at one time been built on the west side of Second street, between Kearney and Riley streets, but the same had rotted away, so that it became necessary to build a new sidewalk in the spring of 1882. There was no money in the treasury applicable to such purpose, and no ordinance was passed requiring or authorizing the sidewalk prior to its being built, and no opportunity was offered to the lot-owners to build the sidewalk after the city authorities decided to build the same, and before the letting of the contract therefor. A petition signed by the requisite number of resident citizens of the vicinity had been duly presented to the mayor and council before they took any steps toward authorizing the construction of said sidewalk. The city of Atchison never enacted any ordinance regulating the procedure for the building of sidewalks prior to the year 1883."

From these findings we think it appears that the proceedings had by the city of Atchison and its officers attempting to authorize the construction of the sidewalk in question, and to impose the aforesaid taxes upon the abutting lot-owners to pay for such sidewalk, are void. Under chapter 37 of the Laws of 1881, we think it is necessary when the construction of sidewalks is authorized or ordered, that not only a resolution but also an ordinance to that effect should be regularly passed by the mayor and council. The resolution provided for under §14 of the first-mentioned act is preliminary, and the ordinance provided for under §11 of the same act is final. This has in effect been already decided by this court. (See the cases of *Newman v. City of Emporia*, 32 Kas. 456; and *Sloan v. Bebee*, 24 id. 343.) In the first-mentioned case it was held that in cities of the second class, and under chapter 100 of the Laws of 1872, (Comp. Laws of 1885, ch. 19,) sidewalks could be constructed only under and in pursuance of city ordinances,

and could not be constructed under or in pursuance of resolutions alone; and §11, subdiv. 43, and §14 of said chapter 37 of the Laws of 1881, correspond almost precisely with §§ 32 and 75 of chapter 100, of the Laws of 1872. Of course it is not absolutely clear that the construction given to chapter 100 of the Laws of 1872 by the decision of this court made in the case of *Newman v. City of Emporia,* is correct, but the decision was made upon an elaborate argument by counsel and after a careful consideration by the court, and we are still inclined to think that the decision is correct; and if it is correct, then it must follow that in cities of the first class as well as in cities of the second class, sidewalks can be constructed under chapter 37 of the Laws of 1881 only under and in pursuance of city ordinances. We think it is true that in cities of the first class, sidewalks may be constructed under and in pursuance of chapter 38 of the Laws of 1881 under and in pursuance of resolutions alone. But there is no claim or pretense that the sidewalk in question in this case was built or the taxes levied under or in pursuance of that chapter. It is therefore our opinion in the present case that the injunction prayed for should be allowed.

The judgment of the court below will be reversed, and the cause remanded with the order that judgment be rendered upon the facts found in favor of the plaintiffs and against the defendants for the injunction prayed for.

All the Justices concurring.