GEORGE W. BERGMAN v. SALLIE P. BULLITT *et al.*

1. REDEMPTION NOTICE—*When Not Receivable in Evidence.* The redemption notice required to be given prior to the execution of the tax deed, and the proof of publishing and posting the same, should be filed and preserved in the office of the county clerk; and a copy of such notice, certified to by the county treasurer, who has not the official custody of the same, is not receivable in evidence with the same effect as the original, under § 372 of the civil code.

2. TAX—*Levy, Presumed to be Legal.* Presumably, public officers perform their duties as the law requires; and where it is shown that a levy for taxes was made by the board of county commissioners, which under some circumstances would be legal and under other would be excessive and illegal, it will be presumed, in the absence of evidence showing the existence of conditions that would make it excessive, that the board acted within the law in making the levy, and that it is legal.

*Error from Butler District Court.*

EJECTMENT. Judgment for plaintiffs, at the October term, 1887. The defendant, *Bergman*, brings the case to this court. The material facts appear in the opinion.

*Hallowell & Hume*, for plaintiff in error.

*J. V. Daugherty*, for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J.: The heirs of H. M. Bullitt, deceased, instituted an action in ejectment against George W. Bergman to recover possession of a part of a lot in Wichita. In an answer and cross-petition, Bergman denied the plaintiffs' right of recovery and alleged title in himself, which he asked to have quieted. The case was tried by the court without the intervention of a jury, and a judgment was given in favor of the plaintiffs, which the defendant alleges is erroneous and should be reversed. The plaintiffs below relied on a title derived from the general government through various mesne conveyances to H. M. Bullitt, deceased, and to support their

action they offered in evidence duly-certified copies of the
United States patent and other conveyances in the chain of
title.   These were certified to be correct copies of the origi-
nals that were recorded in the office of the register of deeds.
It is contended that there was error in the admission of the
copies, for the reason that sufficient proof had not been offered
of the loss or destruction of the originals to warrant the ad-
mission of secondary evidence of such instruments.   These,
being copies of instruments authorized to be recorded in a
public office and which were recorded in the office of the
register of deeds, were admissible in evidence upon proof
that the original instruments were not in the possession and
control of the party desiring to use the same.   Proof that the
originals were lost or destroyed was not essential to the ad-
mission of the copies. (Civil Code, § 372; Gen. Stat. of 1889,
¶ 1136; *Williams v. Hill,* 16 Kas. 23; *Pfefferle v. The State,*
39 id. 128.)   There was evidence tending to show that the
originals were not in the possession or under the control of
the plaintiffs, and it showed beyond controversy that they
were not under the control of Julia Bullitt, one of the plain-
tiffs.   She testified that she and her mother had the custody
of all the papers of her deceased father, Dr. Bullitt, and that
the instruments of which record copies were offered were not
among his papers or effects.   She stated that she had control
of them equally with her mother, and had frequently ex-
amined them, but that the originals could not be found; and
further, that she was in a position to know that the other
plaintiffs did not have them in their control or possession.
There was certainly sufficient proof to show that the originals
were not under the control of this plaintiff, and hence they
were admissible as to her.   Even if it should be conceded
that no sufficient showing had been made that the other plain-
tiffs did not have the control of the originals, there would
still be no available error, as no sufficient objection was made
to the testimony, nor any request to limit the application of
the testimony to the party for whom it was unquestionably

competent. It has been decided that a general objection to testimony as to one of several joint parties, but not as to another, is not sufficient. (*Taylor v. Deverell,* ante, p. 469.)

Bergman claimed title under a tax deed, which was assailed by the opposing parties upon the grounds, first, that there was no sufficient redemption notice; and, second, that the levy of taxes, for which the property in dispute was sold, was in excess of that allowed by law. It was conceded that no copy of any redemption notice for the property in question was then on file in the office of the county clerk; and for the purpose of showing that no such notice was given, there was offered in evidence a copy of a redemption notice, dated November 21, 1876, certified to by the county treasurer, reciting that certain tracts of land situated in Sedgwick county, which were sold in May, 1874, for the delinquent taxes and charges for the year 1873, would be conveyed on and after May 5, 1877, unless previously redeemed. The lot in question should have been embraced in the notice given at this time, but it did not appear in this certified copy. There was no publisher's affidavit attached to the certified copy, nor any statement showing that it had been published. The notice purports to have been given in 1876, and the treasurer, who was in office in October, 1877, certifies it to be a true and correct copy of a list and notice which was then in his office and a part of the files thereof. The plaintiffs below produced a witness, whose testimony was received over the objection of the defendant, who stated that he had examined the files of the Wichita *Weekly Eagle,* which had a contract for all the county printing for the year 1876, and that the certified copy was a true and exact copy of a notice found in the files of that paper, and that he found no other or different redemption notice of lands for tax sales was published by the Wichita *Weekly Eagle* for that year; and he further gave a statement made by one of the publishers, to the witness, in regard to why a part of the affidavit attached to the notice had been erased. Neither the certified copy nor the testimony of this witness in relation to the same was competent evidence. To

justify the admission of the certified copy of the treasurer, it is contended that as the statute makes it his duty to give the notice, it is also his duty to keep a record of the notice and the affidavits or proof that such notice was published and posted; and being a part of the record of his office, a certified copy of the same is competent evidence under the provisions of § 372 of the civil code. If the law required a notice and affidavit to be deposited and preserved in the office of the county treasurer, their contention would be good. The statute, however, provides that all notices and affidavits, with reference to the sale of lands for taxes, shall be filed by the county treasurer in the office of the county clerk. (Tax Law, § 121.) The county clerk is therefore the official custodian

1. Redemption notice—copy, when not receivable in evidence.

of all such papers and proofs, and certified copies of the same made by him are receivable in evidence. The county treasurer, however, not having the official custody of these records, is not authorized to certify, and the copy of the notice which he chanced to find in his office, and which was offered in evidence, should have been rejected. The parties, however, are not foreclosed by the absence of such record evidence in the office of the county clerk. The facts with reference to this redemption notice may be obtained from the files of the official paper, and from the testimony of the publisher of the same; and they may be shown by still other competent evidence.

To establish that the levy made by the county commissioners for the year 1873 was excessive and therefore illegal, the plaintiffs below offered the certified copy of the proceedings of the county board, showing that a county levy of 2 per cent. was made for the year 1873. This testimony, standing alone,

2. Tax—levy, presumed to be legal.

is insufficient to overthrow the tax deed. On its face the deed is regular and valid, and it is *prima facie* evidence that all the steps and proceedings necessary to its validity were duly taken. More than that, it will always be presumed, in the absence of contrary evidence, that public officers have performed their duty as required by law. If the board of county commissioners could not in any

event have legally levied 2 per cent. for county revenue, the proof offered might be held sufficient to overcome the *prima facie* character of the deed, and the presumption mentioned that the officers duly performed their duty. The taxable property of Sedgwick county was less than $5,000,000, and hence the board could not levy a tax for the current expenses of any one year of over 1 per cent. on the dollar of such valuation, unless by a direct vote of the electors of the county. (Gen. Stat. of 1868, ch. 25, § 181.) The language of the resolution of the county commissioners is: "The county levy of taxes for the year 1873 was placed at 2 per cent. on each $1.00 valuation." There is nothing in this resolution, nor in the record, showing that the board had not been authorized by a vote of the electors to increase the levy for county purposes; nor is there anything to show that the levy was made for the current expenses of the year 1873 alone; nor that the 2-per-cent. levy did not include deficits in the county fund for preceding years, such as are referred to in *Comm'rs of Osborne Co. v. Blake,* 19 Kas. 299. The plaintiffs were assailing the validity of the deed on the ground that the property was sold for excessive taxes, and it therefore devolved on them to prove the same. The proof offered by them shows a levy which under some circumstances would be legal, and under others would be excessive and illegal; and now they ask the court to place such a construction on the resolution as would make the levy invalid. In construing the acts of public officers we must give force to the presumption that such officers do their duty and act within the law, and unless the acts themselves preclude a favorable construction they should be so construed as to sustain rather than to strike them down. If the conditions under which a levy of 2 per cent. might be made do not exist, that may be easily shown; but the mere proof that the board levied 2 per cent. on each $1 valuation is not of itself sufficient to establish that the levy was illegal and excessive.

The errors mentioned compel a reversal of the judgment,

and the cause will therefore be remanded to the district court for a new trial.

All the Justices concurring.