J. B. Keys *et al.* v. The City of Neodesha *et al.*

No. 11,936.  (68 Pac. 625.)

SYLLABUS BY THE COURT.

1. Taxation — *Special Assessment.*  A special assessment on abutting lots, according to their front feet, to pay for grading the street, preparatory to putting down a sidewalk, is illegal.  Such expense should be provided for by a levy on all the taxable real estate within the corporation.

2. ——— *Not Estopped to Maintain Injunction.*  The owner of

such lots is not estopped to maintain injunction to restrain the
sale under an illegal special assessment because he did not com-
mence his action before the improvements were made, when it is
alleged and admitted that, prior to the commencement of the
work, he served written notice on the mayor, street commissioner
and contractors not to build such walk and that he would not be
responsible therefor.

Error from Wilson district court; L. STILLWELL,
judge. Opinion filed April 5, 1902. Reversed.

*J. W. Sutherland,* for plaintiffs in error.

*E. D. Mikesell,* for defendants in error.

The opinion of the court was delivered by

GREENE, J. : The plaintiffs in error filed their peti-
tion in the district court of Wilson county for an in-
junction to restrain the defendants in error, the city
of Neodesha, P. G. Pinney, county treasurer, and C.
W. Isham, county clerk, of Wilson county, from levy-
ing a special assessment against certain lots in the
city of Neodesha, and from assigning certain tax-sale
certificates which had been issued to the county on tax
sales of said lots, and from executing tax deeds to said
real estate. A temporary restraining order was issued.
Thereafter the defendants filed a demurrer to the pe-
tition alleging all the statutory grounds except the
third. Upon a hearing this demurrer was sustained,
and, the plaintiffs electing to stand on their petition,
judgment was rendered for the defendants. The only
question involved is whether the petition states a cause
of action.

The petition alleges the ownership of the property
in plaintiffs, that the city passed an ordinance estab-
lishing the grades of the streets on which such lots
are situated, and an ordinance providing for the build-
ing of sidewalks thereon, prescribing their width, the

material to be used, kind and size of curbing, and directing that all walks should conform to the grade so established.    It also alleged that the city did not bring said street to the grade ; but that, after passing such ordinances, it let the contract for grading such portion of the streets on which the sidewalks were to be built and for the building of the walk and curbing the streets to Munday & Purnell.    A notice was served on plaintiffs informing them that unless they built said walks within fifteen days the city would do so and charge the expense to the property.    Immediately thereafter, and before any work was done, the plaintiff served written notice on the mayor, street commissioner, and Munday & Purnell, contractors, not to attempt to build such walks, and that they, the owners of the lots, would not pay for their construction. Copies of these notices are contained in the petition. They also allege that the mayor and council, after having let the contract, taxed the entire cost of grading that portion of the streets occupied by the walks, putting in the curbing and laying the walks against said lots at a price very much in excess of the contract price ; that said several items were carried out on the assessment and tax-rolls against the property as one charge, and that it is impossible to separate that portion charged for grading the streets from that portion charged for curbing and putting down the sidewalks. There are numerous other allegations in the petition, but it is not necessary to incorporate them into this opinion.

We are not informed on which ground stated in the demurrer the court held the petition insufficient. However, defendants in error urge but two.    The first is that the plaintiffs' cause of action, if they ever had any, is barred by their own laches, or, putting it more

exactly, they are estopped because they did not enjoin the city from building the sidewalks before it created the obligation ; that, having waited until their property was greatly enhanced in value by this improvement, they cannot now be heard to say that the assessment or charge therefor is illegal. This contention would have force if it were true that plaintiffs had done any acts to encourage the city to perform the work and make the improvements. The facts are to the contrary. They served written notices on the mayor, street commissioner and contractors not to build the walks. This is as far as the law requires them to go. It does not demand that they institute a litigation to keep the city from improving their property. On this ground, we think the demurrer should have been overruled.

The second contention of defendants in error is that the contractors, Munday & Purnell, should have been made parties. We are unable to understand what interest these parties have in this litigation. The levying and collecting of the taxes, the assignment of the tax-sale certificate and the issuance of the deed are matters over which they have no control, and, in fact, no interest. They are not even proper parties.

Referring again to the petition, should the demurrer have been sustained on the ground that the petition does not state a cause of action ? It is formally sufficient, and it contains facts which, if true, would entitle the parties to the relief demanded. It alleges that the grading of such portion of the streets on which the sidewalks were laid was let in the same contract with the building of the walks, and assessed against the lots, together with the expense of building the walks, and carried on the tax-rolls as one item, and cannot now be separated. There is no authority

for this.    Section 1111 of the General Statutes of 1901 provides :

"The cities coming under the provisions of this act in their corporate capacities are authorized and empowered to enact ordinances for the following purposes :    .  .  .    (2) To open and improve streets, avenues and alleys, make sidewalks, and build bridges, culverts and sewers within the city ; and for the purpose of paying for the same, shall have power to make assessments in the following manner, to wit : *First.* For opening, widening and grading all streets and avenues, and for all improvements of the squares and areas formed by the crossing of streets, and for building bridges, culverts and sewers, and footwalks across streets, the assessments shall be made on all taxable real estate within the corporate limits of the city, not exceeding ten mills on the dollar, for these purposes, in any one year.    *Second.* For making and repairing sidewalks, macadamizing, curbing, paving and guttering, the assessments shall be made on all lots and pieces of ground abutting on the improvements, according to the front foot thereof."

It will be observed that the cost of grading the streets cannot be assessed against the abutting lots This is an expense which must be assessed against all taxable real estate within the corporate limits.    Before a city can legally levy a special assessment for building sidewalks, it must establish a grade and bring that part of the street on which the walk is to be built to the grade so established.

The judgment of the court below is reversed, and the cause remanded with instructions to overrule the demurrer.

DOSTER, C.J., SMITH, ELLIS, JJ., concurring.