Kindley v. Rogers.

---

S. T. KINDLEY, *Appellant,.* v. GEORGE V. ROGERS, *as County Treasurer, etc., et al., Appellees.*

No. 16,888.

### SYLLABUS BY THE COURT.

1. TAXATION—*Injunction—Presumption—County Officers.* In an action to enjoin the sale of lots for an alleged invalid tax the presumption is that the officers acted lawfully, and the burden is upon the plaintiff to show affirmatively that the tax is void.

2. ———— *Same.* Mere irregularities in the levy will not suffice.

3. ———— *City of Third Class—Invalid Assessments.* A city of the third class can not lawfully include in a special assessment for a sidewalk the cost of grading that portion of the street on which the walk is laid.

Appeal from Osborne district court. Opinion filed November 11, 1911. Reversed.

*Charles H. Nicholas, Robert A. Lyle, R. H. Towne, George T. McDermott, Robert Stone,* and *F. T. Burnham,* for the appellant.

*J. W. Huff, N. C. Else,* and *S. N. Hawkes,* for the appellees.

The opinion of the court was delivered by

WEST, J.: The plaintiff sued to enjoin the assignment of a tax-sale certificate and the execution of a deed for the taxes levied on certain lots, including a

sidewalk tax. It was alleged that without authority of law the city had wrongfully removed a good board walk and put down one of brick, for which the sidewalk part of the tax in question had been levied without the prior enactment of any ordinance requiring such walk; that the alleged ordinances under which the officers pretended to act were not legally passed or published, that the assessment wrongfully included the grading for the walk, that the same tax had theretofore been permanently enjoined in another suit, that the plaintiff had received no notice of the passage of any ordinance condemning the old walk or providing for the new, that he had offered to pay all the legal tax assessed against the lots, and that the statutes providing for a levy of special assessments for sidewalks are void for failure to give notice to the owner. It appeared upon the trial that in 1901 the city enacted an ordinance specifying the procedure and requirements touching any sidewalk which should thereafter be laid on certain streets, but not directing the building of any walk. A tax was levied on the lots in question in 1902 and afterwards in a suit against the county treasurer the sale for this levy was permanently enjoined. In 1904 certain ordinances were passed directing the levy now under consideration. At the close of the plaintiff's evidence a demurrer thereto was sustained and this is assigned as error.

We have examined the abstract and fail to find affirmative proof that the tax was levied without a prior ordinance requiring the building of the walk. The burden was upon the plaintiff to show affirmatively the invalidity of the levy (*City of Argentine v. Simmons,* 54 Kan. 699, 39 Pac. 181), and this requirement is not met by an absence of proof that the council proceeded without the enactment of such ordinance, and such proof was not made. The mayor and council being public officers are presumed to have acted legally until the contrary appears. (*Williams & Pattee v. Louis,*

14 Kan. 605; *Washington v. Hosp*, 43 Kan. 324, 23 Pac.
564; *Bergman v. Bullitt*, 43 Kan. 709, 23 Pac. 938;
*Stafford v. Lauver*, 49 Kan. 690, 31 Pac. 302.)

One of the ordinances introduced fixed the assessment on two of plaintiff's lots at a certain sum per square foot. This was irregular, but the width being known the front feet may readily be ascertained, and injunction will not lie in such cases for mere irregularity. (*City of Lawrence v. Killam*, 11 Kan. 499; *Challiss v. Comm'rs of Atchison Co.*, 15 Kan. 49, 50.)

The statute in question provided that:

"The cities coming under the provisions of this act in their corporate capacities are authorized and empowered to enact ordinances for the following purposes, in addition to the other powers granted by this act: . . . 2d. To open and improve streets, avenues, and alleys, make sidewalks, . . . and for the purpose of paying for the same, shall have power to make assessments in the following manner, to wit: First, for opening, widening and grading all streets and avenues, and for all improvements 'of the squares and areas formed by the crossing of streets, and for building bridges, culverts, and sewers, and footwalks across streets, the assessment shall be made on all taxable real estate within the corporate limits of the city. . . . Second, for making and repairing sidewalks, macadamizing, curbing, paving and guttering, the assessments shall be made on all lots and pieces of ground abutting on the improvements, according to the front foot thereof." (Laws 1871, ch. 60, § 34, Gen. Stat. 1901, § 1111. Amended by Laws 1907, ch. 129, § 1, Gen. Stat. 1909, § 1545.)

It is insisted that under this provision the grading could not be included as a part of the sidewalk. This contention is correct, and the question was settled in *Keys v. Neodesha*, 64 Kan. 681, 68 Pac. 625. There the petition alleged that the assessment was levied and extended as one amount so that it was impossible to separate the cost of the sidewalk alone. Here the levy is of the same character and must of necessity have

Kindley v. Rogers.

been extended in the same way. The walk is of brick and of uniform width and the levy shows on its face that the different sums per front foot for different lots must have included something besides the cost of the walk, and this together with the evidence that grading was done is of such significance that the inference at least must be drawn that the cost of grading was included, for in the face of a demurrer all reasonable inferences fairly to be drawn from the evidence go to the benefit of the plaintiff. But in addition to this the matter is practically conceded by the defendants, who assert and argue in their brief that the assessment rightfully included the cost of the grading.

It is said that injunction will not lie for the reason that no tender was made of the legal taxes. The evidence shows that formal tender was waived for all except the sidewalk tax, and as it was impossible to know or ascertain the portion of the so-called sidewalk tax which was for sidewalk alone, it was impossible to make or accept a tender thereof (*Bank of Garnett v. Ferris,* 55 Kan. 120, 123, 39 Pac. 1042), and the testimony also shows that any tender whatever less than the full amount of the levy would have been rejected. This condition of the case renders it unnecessary to consider or determine various other interesting points presented and argued.

The ruling sustaining the demurrer to the evidence is reversed and the cause remanded for further proceedings.

SMITH, J., not sitting.