No. 18,468.

HERMANN G. DARGATZ, *Appellant*, v. R. S. PAULEY, as County Treasurer, etc., et al., *Appellees*.

SYLLABUS BY THE COURT.

INJUNCTION—*Sidewalk Taxes—Levied in Conformity to Requirement of Statute.* A city of the second class had in force a general ordinance relating to sidewalks, prescribing the width, material, width of space reserved, the manner of construction, and the procedure incident to the ordering of a sidewalk and its construction, a section of which ordinance gave directions touching the petition, notice and resolution required in order to construct a sidewalk. The required petition, notice and resolution were presented, given and adopted, and the tax to pay for the work was levied by the enactment of an ordinance. *Held*, that the city acted in substantial conformity with the requirement of section 1374 of the General Statutes of 1909 that such work be authorized by ordinance, and that the collection of the tax should not be enjoined on the ground that the city had proceeded not by ordinance but by resolution.

Appeal from Marshall district court; SAM KIMBLE, judge. Opinion filed March 7, 1914. Affirmed.

*Theo. H. Polack*, of Marysville, for the appellant.
*W. W. Redmond*, of Marysville, for the appellees.

The opinion of the court was delivered by

WEST, J.: The plaintiff sued to enjoin the collection of a sidewalk tax on the ground that the walk had been built by the city without lawful authority—that is, by

resolution and not by ordinance as required by statute (Gen. Stat. 1909, § 1374), and being defeated he appeals. The pleadings and rulings were such that the only question necessary to be determined concerns the alleged lack of authority. It is conceded that an ordinance was indispensable, but the city claims that a proper and sufficient one was in force. It appears that at some previous time the city had enacted ordinance No. 157, entitled "An ordinance relating to the sidewalks, and prescribing the width, material, manner of constructing sidewalks in the City of Marysville, the width of space reserved therefor, and repealing all ordinances in conflict therewith." In addition to prescribing the width, space, material and manner of construction, the procedure incident to the ordering of a sidewalk and its construction was prescribed by section 4, which in effect provided that upon the presentation of a proper petition a walk could be ordered built by resolution followed by a certain prescribed notice. A proper petition was presented and granted, and the walk was ordered constructed, proper notice was given, and the tax was levied by an ordinance duly enacted. If this all amounted to a compliance with the statutory requirement, then the tax was valid and the injunction was rightfully refused.

The plaintiff's theory seems to be that a general ordinance like No. 157, authorizing the council to proceed by resolution upon the presentation of a proper petition, falls short of the requirement, and the case of *Dilts v. Stockton,* 73 N. J. Law, 158, 62 Atl. 448, is cited. It was there held that as the statute required the common council to act by general or special ordinance, a general ordinance assuming to authorize action by resolution was insufficient. Here the general ordinance itself disposed of many matters touching any walk thereafter to be laid, and expressly required each one contracted to be petitioned for, a proper notice to be given, and the adoption of a resolution.

After these things were done the tax was levied by ordinance, so that really the authority for the expense of the walk in question consisted of two ordinances and one resolution. The statute empowers cities of the second class to enact ordinances for the following purposes:

".To open and improve streets . . . make sidewalks . . . for the purpose of paying for the same shall have the power to make assessments in the following manner." (Gen. Stat. 1909, § 1374.)

It has been held that it is necessary to act by ordinance in appointing a deputy marshal (*Prell v. McDonald,* 7 Kan. 426, 443); that a stone sidewalk is not authorized by an ordinance calling for a plank sidewalk (*Sloan v. Beebe,* 24 Kan. 343); that resolutions are not sufficient to authorize the work of street improvement and the levy of a tax therefor (*Newman v. City of Emporia,* 32 Kan. 456, 4 Pac. 815); that a city can not by resolution only build a walk, having "never enacted any ordinance regulating the procedure for the building of sidewalks" (*Barron v. Krebs,* 41 Kan. 338, 339, 21 Pac. 235). But considering the statute, the decisions, the ordinances and the resolution, we conclude and hold that the city acted in substantial compliance with the statute, and in view of the requirements of the general ordinance, supplemented by the petition, the notice, the resolution and the ordinance levying the tax, the sidewalk was in fact and in law authorized by ordinance. Municipal officers are presumed to act in accordance with the law (*Kindley v. Rogers,* 85 Kan. 645, 118 Pac. 1037), and there is no showing that the walk in question did not conform in all respects to the provisions of ordinance No. 157, and certainly, by means of the notice, the resolution, and the levying ordinance, the abutting owner had full opportunity to be advised of the work and to make any desired protest or resistance.

The question of estoppel is principally discussed, but the views already expressed make it unnecessary to consider or determine that question.

The judgment is affirmed.