No. 29,269.

I. J. SHAFFER, *Appellee*, v. THE CITY OF HADDAM CITY et al., *Appellants*.

(286 Pac. 218.)

Opinion filed April 5, 1930.

*J. R. Hyland,* of Washington, for the appellants.
*Edgar Bennett* and *A. C. Bokelman,* both of Washington, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: I. J. Shaffer brought this action to enjoin the city of Haddam and certain officers against levying and collecting a special assessment on real estate of appellee in Haddam City, sought to be charged with a special tax for the construction of a sidewalk. The trial court held that the plaintiff was entitled to an injunction and adjudged that the injunction be made permanent. Defendants appeal.

Haddam is a city of the third class, and on October 3, 1927, it passed a motion to give a thirty-day notice to plaintiff to construct a cement sidewalk on the south side of his property. He was in California at the time, but on October 12, 1927, written notice to the effect that the city council had ordered a concrete sidewalk constructed on the line of his property, came to his attention. On November 7, 1927, the council passed a motion ordering the mayor to have the sidewalk constructed. The plaintiff learned on November 8 that the sidewalk had been ordered by the council. By letter dated that day Shaffer protested against the building of the sidewalk and disclaimed any liability to pay for same. A cement sidewalk was constructed by the city and certified to the county clerk of Washington county, to the amount of $263.10 as the cost of the sidewalk, and $39.45 as interest on the money advanced, all to be levied as a special assessment against plaintiff's real estate, for collection with the tax of 1928. In November, 1928, plaintiff tendered to the county treasurer the amount of tax due on his property other than the special tax for the building of the sidewalk, but this was refused. Within a few days afterwards this suit was filed. It was found, among other things, that an ordinance of the city passed in 1924 provided that all sidewalks thereafter constructed should be of vitrified brick. No other ordinance of a general nature providing a method for the construction of sidewalks had been adopted, and no special ordinances were passed in regard to this particular sidewalk. There was no petition on file asking for its construction. Plaintiff did not return to Haddam until November, 1928, shortly before this suit was filed, and at that time he sold his household goods and abandoned his residence in Haddam. The court concluded that a city of the third class may provide for sidewalks either in accordance with R. S. 12-611 or in accordance with R. S. 15-402. It further concluded that the sidewalk in question must have been built under section 15-402, since the other section required that a petition signed by ten or more citizens must be presented to the city council, and none was presented. The court held that an ordinance was necessary to the construction of a sidewalk and to imposing a special assessment on abutting property, and that as there was no ordinance authorizing the improvement a permanent injunction was allowed.

The levy of the special tax must be regarded as invalid since

it was not done by ordinance, but only by the adoption of a mere motion. It is contended that as the statute does not in express terms require the passage of an ordinance to accomplish that purpose, it may be done by motion or resolution. In the statute prescribing the powers of the council or governing body of a city of the third class, the legislature has provided that the city is empowered to enact ordinances for the making of a number of improvements, among which is the making of sidewalks, and the levy of special assessments on abutting property. (R. S. 15-402.) The statute clearly implies the method by which it is to be done, and that an ordinance is required. It was decided in *Sloan v. Beebe,* 24 Kan. 343, that the building of a stone sidewalk where an ordinance authorized the building of a plank one, that a levy of an assessment on property to pay for it without an ordinance was illegal and void. In *Newman v. City of Emporia,* 32 Kan. 456, 4 Pac. 815, the city undertook to build a sidewalk and the levy of an assessment by a resolution; it was held that an ordinance was necessary to a valid levy and that a resolution was insufficient to warrant the levy of an assessment. In the course of the opinion it was said:

"Now all things necessary to be done were done, and done at the proper time, except that they were not done by ordinance, but were done only by resolution. . . . Now we think the same ought to have been done by ordinance. Such undoubtedly would have been regular and formal under the laws of Kansas, and we think such laws require it. (Citing statutes.) It is true and the statutes nowhere in express terms require that the same must be done by ordinance; but we think they require it by the strongest inference and by necessary and unavoidable implication." (p. 461.)

See, also, *Barron v. Krebs,* 41 Kan. 338, 21 Pac. 235; *Dargatz v. Pauley,* 91 Kan. 698, 139 Pac. 419.

The city had passed an ordinance in 1924 providing that all sidewalks hereafter constructed or rebuilt should be of vitrified brick, but the sidewalk in question was not built under that ordinance as it was constructed of cement. Defendant does not rely on this ordinance for authority, and if it did the building of a cement walk would not have been within the authority of the ordinance which provided that all sidewalks should be built of vitrified brick. (*Sloan v. Beebe,* supra.)

There is a contention that the injunction should be denied because of the laches or delay of plaintiff in not bringing his action until after the sidewalk was built. The city was acting with con-

siderable speed and the plaintiff did not loiter on the way. The motion providing for notice to the plaintiff was passed October 3, 1927. Plaintiff received that notice in California on October 12. The city ordered the mayor to build the sidewalk on November 7. The plaintiff responded on November 8, protesting the action of the city and disclaiming liability. The walk was built in November or December, 1927. The plaintiff had done nothing to encourage the expenditure by the city, but on the contrary had taken prompt action to discourage the improvement by denying the right of the city to impose the liability. We find no basis for the claim of laches or that plaintiff has estopped himself to enjoin the imposition of the illegal tax. (*Keys v. Neodesha*, 64 Kan. 681, 68 Pac. 625.)

The judgment is affirmed.