THE STATE OF MISSOURI *ex rel.* PETER MEYERS, Respondent, *v.* CLINTON E. SPENCER, SHERIFF AND *ex-officio* COLLECTOR OF JASPER COUNTY, Appellant.

1. *Revenue — County Collector — County tax, payment of — License — Construction of statute — Mandamus.*—Under the act of 1868, concerning county revenue (Wagn. Stat. 1196, § 76), and the act concerning brokers (Wagn. Stat. 249, §§ 6, 7), taken together, a county collector may levy a tax, not exceeding by one hundred per cent. the State tax, upon the license of a broker; and *mandamus* will not lie to compel the delivery of the license until such county tax is paid.

*Appeal from Jasper Court of Common Pleas.*

*Montague & Thomas,* and *H. H. Harding,* for respondent.

*R. F. Wingate,* for appellant.

ADAMS, Judge, delivered the opinion of the court.

The plaintiff, who was a money-broker, as such applied to the defendant, being the collector of Jasper county, for a license to act as broker. When he made the application he delivered to the defendant a statement in writing, verified by oath, showing the

amount of business expected to be done and the capital to be employed, such capital being $5,000, on which the State tax for the license was $50, which he tendered to the collector. But the collector refused to deliver the license unless the plaintiff would also pay $100 more as the county tax on such license.

The plaintiff applied for a *mandamus* to compel the defendant to issue the license. The defendant's return thereto sets up as a justification that the County Court of Jasper county had levied a tax on brokers' licenses of two hundred per centum, and exhibits with his return a transcript of the record of the County Court showing this levy, and avers that the plaintiff refused to pay the tax so levied by the County Court, and he therefore declined to deliver the license. This return was not pleaded to or traversed by the plaintiff, and the court adjudged the return insufficient and made the *mandamus* absolute.

By the act of 1868 (Sess. Acts 1868, p. 142; Wagn. Stat. 1196, § 76), the County Courts are empowered to levy "such sums as may be annually necessary to defray the expenses of their respective counties by a tax on all property and licenses made taxable by law for State purposes, except what is excepted by this act; but such tax shall in no case exceed the State revenue tax on the same subjects of taxation more than one hundred per centum for the same time."

Section 6 of the law concerning brokers (see Wagn. Stat. 249) requires the county clerk to issue as many blank licenses under the seal of the court as the court may direct. And by section 7 the clerk is required to deliver to the collector of his county all licenses so issued, and charge him with them in a book to be kept for that purpose, and the collector is required to settle with the County Court, and account for and pay over the tax on such licenses in the manner provided by law. In the construction of these various statutes they must all be taken together.

The levy made by the Jasper County Court did not exceed the State tax more than one hundred per centum, the State tax being $50 and the county tax $100. There can be no doubt about the duty of the collector to collect the county levy. The simple question is, when must he do this?

The State of Missouri ex rel. Meyers v. Spencer, sheriff, etc.

It seems to me from the reading of these statutes that the proper time is before he delivers the license to the broker. The license is in the hands of the collector, encumbered with the levy made by the County Court. Can he with propriety deliver the license to the broker without requiring the county levy to be paid? It strikes me that this is the proper time to collect the tax, and that the collector has no power to deliver the license without first receiving the county tax, and if he should do so he would render himself responsible for the amount.

Under this view the judgment must be reversed and the cause remanded. Judge Bliss concurs. Judge Wagner absent.

[ END OF JANUARY TERM. ]