STATE OF MISSOURI, *ex rel.* JOHN GRETHER, Appellant, *vs.* CON-
STANTINE MAGUIRE, COLLECTOR, &c., Respondent.

1. *Revenue—License—Omission to levy tax—May be supplied afterwards.*—The
omission by the County Court to levy a tax upon licenses, in making a general
levy, does not 'extinguish their authority, and they can cure the omission and
make a levy subsequently.

2. *Revenue—License—Tax upon, when collected—Incumbrance.*—When a tax is
levied on a license it becomes an incumbrance upon it, and the proper time to
make the collection, is at or before the delivery of the license.

*Appeal from St. Louis Circuit Court.*

*Hitchcock, Lubke & Player,* for Appellant.

I. No county tax had been imposed on licenses at the time
when relator demanded his, and offered to perform all the con-
ditions which the law at that time prescribed for obtaining
the same; his right accrued on the day of his demand, and
could not be affected by any subsequent order of the County
Court imposing new conditions. The relator having tender-
ed and offered to comply with all the conditions prescribed by
§§ 8, 9 and 11 on p. 207, 1 W. S., Ed. of 1870, the respondent
was bound to grant him a license. (W. S., 207, § 7.)

II. The order made by the St. Louis County Court, April
20, 1871, the day after relator demanded his license, imposing
a county tax on auctioneers' licenses was illegal and void.

In July 1870, the County Court fixed the rate of taxation
for the ensuing fiscal year, ending August 31st, 1871, and in-
cluding April 1871, and no tax was then imposed on auction-
eers' licenses.

(*a.*) The county expenses during the ensuing year were
then estimated, also the value of the property to be taxed, and
the rate of taxation was fixed sufficiently high to meet the
needs of. the county; this having been done, their power of
taxation for that fiscal year was exhausted. (2 W. S., Ed. of
1870, p. 1196, §§ 7, .6, *et seq.*)

(*b.*) The power given to impose ,a tax must be construed
strictly, hence the inquiry was not proper here, whether this
is a statute in its nature mandatory or directory.

(*c.*) *Time* is an important element in considering when the

power can be exercised. The time of the execution of the power here invoked, was when the first order was made, *i. e.*, when the court had the finances of the county before it, and could and did determine what was "necessary to defray the expenses" of that fiscal year.

(*d.*) If the second order is allowed to stand, then County Courts are at liberty to produce an *inequality* in taxation, by making one assessment and then making up deficiencies without regard to equality, and of subjects not taxed.

(*e.*) Upon the face of it the second order fails to show that the license tax then imposed was at all considered when the first order was made, and the necessity and equality of the tax is entirely left out of consideration.

III. But even if the county tax on licenses had been properly levied, and before the time when relator demanded his license, still, payment of the county tax could not have been demanded of relator as a condition precedent to his receiving his license ; the law provides for the taxing of licenses as a species of property, by the County Court, but until the license is issued it has no existence whatever, and cannot be taxed.

IV. The case of State *ex rel.* Meyers vs. Spencer, 49 Mo., 342, mentioned in the argument of this cause, has no application to the case at bar.

*Thos. C. Reynolds*, for Respondent.

I. The law regulating the assessment of taxes by County Courts for county purposes in 1870, (W. S., 1870, p. 1196, §§ 76, 78,) is directory, not mandatory as to the time when the assessment shall be made. The order of 27th of June, 1870, did not exhaust the taxing power of the court for that year, and an additional tax, that on licenses, was lawfully assessed on April 20th, 1871. The statute is merely directory as to any day for assessing the tax.

II. Whether or not the collector was correct in demanding a county tax on Grether's license on 19th April, 1871, he had a right to do so on and after April 20th, 1871 ; the order was

made by the County Court that day, and the mandamus was too late, indeed, it was served only on the next day, April 21st. Peremptory mandamus was therefore properly refused. (See 49 Mo., 342.)

III. The revenue officer is protected in obeying the order of his superior, in this case, the County Court, and remedies for such orders, if illegal, should be directed against the Superior. If the order of 20th April, 1871, was illegal, the remedy was mandamus, not on the collector to deliver a license, but on the County Court to rescind its illegal order. In such cases, the complete superintending control our statutes give the Circuit Court over the County Court, should be resorted to, and parties considering themselves aggrieved by such orders, should not be encouraged by a lax interpretation of the law of mandamus, injunction, tresspass, &c., to vex and annoy officers merely ministerial.

Adams, Judge, delivered the opinion of the court.

The defendant was collector of St. Louis County, and the relator applied to him as such for an auctioneer's license on the 19th of April, 1871. The defendant refused to issue the license unless the relator would pay a County tax to be levied on the license,—the tax had not been levied by the County Court at that time—but the County Court on the next day April 20th, 1871, levied a county tax on all licenses, including auctioneers'. The relator without further application, on the 21st of April, had an alternative mandamus issued and served on the relator.

The defendant made return of the facts and the relator demurred to the return, and the court overruled the demurrer and gave judgment thereon in favor of the defendant.

It appears from the return that the County Court had made a general levy for county purposes in June, 1870, for the year ending August 31st, 1871, on all property that had been assessed, but omitted to make any levy on licenses made taxable by the law for State purposes, and on the 20th of April, 1871, the County Court supplied this omission by a proper order to that effect.

The County Court undoubtedly had the power to make the levy in question, and their omission to do so in the first order did not extinguish their authority. When this omission was brought to the attention of the court, it was its duty as the ministerial agent of the county, to supply the defect.

When the tax was levied it became an incumbrance on the license, and the proper time to make the collection is at or before the delivery of the license. (See State *ex rel.* Meyers vs. Spencer, 49 Mo., 342.)

Let the judgment be affirmed. Judge Sherwood absent The other Judges concur.