# WILLIAM DORAN AND STEPHEN R. HUGHES v. PHILO D. PHILLIPS FOR THE USE OF THE VILLAGE OF MOUNT MORRIS.

*Liquor tax not payable in notes—No local option.*

The note of a liquor-dealer, payable on time, cannot be received in satisfaction of the liquor tax imposed by Acts 228 of 1875 and 197 of 1877, and if taken in payment thereof, is void as in violation of public policy.

The tax imposed upon liquor dealers in Michigan, is not a mere debt but a condition precedent to making sales, and a liability which county officers must enforce by summary collection to be made by continuous renewal of warrants, if necessary, and, in case of non-payment, by criminal prosecution.

The liquor tax in Michigan was not imposed for the primary purpose of increasing municipal revenues, but to restrain the sale of a dangerous commodity, and confine it to the hands of responsible parties who can make good such claims as are laid on them.

A community cannot determine for itself, in Michigan, whether the liquor tax shall be collected; the duty of the county officers to make collection is absolute.

Error to Genesee. Submitted Oct. 14. Decided Oct. 27.

Assumpsit. Defendants bring error. Reversed.

*Newton & Howard* for plaintiffs in error.

*Oscar Adams* for defendants in error.

Campbell, J. Phillips, who was sheriff of Genesee county, having in his hands the liquor assessment roll, on which Doran was charged with a liquor tax of $150, took from him a note for $152.20, signed jointly with Hughes, payable to Phillips or bearer with interest at 10 per cent. dated September 2, 1878, payable four months after date, in payment of the tax. This with the consent of the village board was accepted from the parties and came into the hands of the village authorities in the ordinary course from the county officers in lieu of cash.

Suit being brought on it, the defence of illegality was set up, but was overruled in the court below. The makers now bring error.

The question presented is whether the arrangement made by the sheriff is so far in violation of public policy that the note is void on that account.

The liquor tax law of 1875 and 1877 makes it a misdemeanor to sell liquor until the vendor has "paid to the county treasurer of the proper county, the full amount of the tax therefor, required by this act." § 3. By § 8 it is provided that if the tax is not paid to the treasurer, he shall within five days after the time limited, issue his warrant to the sheriff, who by section 9 is required within ten days to make demand, and if not at once paid, to levy on property, " and in so doing he shall first levy upon and seize all the bar fixtures, or furniture, liquors, beverages, and other goods and chattels used in carrying on such business," and also upon other property sufficient. No property is exempted. By section 11 the warrant, if unpaid, is renewable until satisfied. By section 14 the treasurer is bound to report to the prosecuting attorney all cases of non-payment, and

that officer is required forthwith to prosecute every delinquent "to recover the penalty and enforce the punishment provided for * * non-payment," and "no levy made or proceeding taken by the sheriff to collect such tax, shall be a defence to such prosecution, unless collection of said tax was enforced thereby before the commencement of such prosecution."

By section 17 any assessor, county treasurer, prosecuting attorney or sheriff who wilfully neglects to perform his duty is liable to a penalty of $100 for each offense, and the governor may appoint other persons to perform the duty.

It is impossible to read the statute without discovering that the payment of the tax is necessary to relieve liquor dealers from criminal responsibility, and prompt action by the sheriff is necessary to save him from a penalty for misconduct. The tax is not considered a mere debt to be recovered by ordinary proceedings, but a condition precedent to making sales, as well as a liability which the county officers are bound to enforce by summary collection, to be made by continuous renewal of warrants if necessary, and in case of non-payment to be attended by criminal prosecution.

In the present case the sheriff undertook to release these parties from payment within the time required by law, and to give up the statutory means of collection, as well as to cut off the criminal responsibility of default. The result is, if these dealings were lawful, to enable Doran to sell liquor with impunity although he had never paid any sum whatever, and to put a mere personal claim in lieu of cash. The whole policy of the law is thus defeated.

The conditions of taxation were not imposed for the primary purpose of increasing the revenues of the municipalities that receive the tax. They are imposed from motives of public policy to restrain the sales of a dangerous commodity, and confine them in the hands of responsible and law-abiding parties, who can make good such claims as are laid upon them. The payment of the money to the municipality is resorted to as an equitable distribution, somewhat proportioned to the mischief likely to arise from the traffic. But no community has the right to determine for

itself whether this money shall be collected. The duty of the county officers is absolute, and made so because the community is not to be damaged by the indisposition of its legal guardians to protect it. The policy of the State cannot be lawfully thwarted. The law would be a dead letter in those places most needing its enforcement, if the local authorities could thus defeat its operation. We think the arrangement was illegal and the note void.

Judgment must be reversed with costs and a new trial granted.

The other Justices concurred.