THE CITY OF CRAIG, Respondent, v. GEORGE W. SMITH
*et al.*, Appellants.

Kansas City Court of Appeals, May 23, 1888.

DRAM-SHOP LICENSE—POWERS OF CITIES OF FOURTH CLASS UNDER SEC-
TION 4956, REVISED STATUTES—CASE ADJUDGED.—Under the pro-
visions of the statute, as to cities of the fourth class, relating to the
power of licensing dramshops (Rev. Stat., sec. 4956), the city has
no authority to adopt the credit system. The money should be paid
before the delivery of the license, or at least concurrently with its
delivery. The act of the mayor or of the board of aldermen, or
both, in accepting a note as part payment for license tax, is with-
out authority of law, and such note is void.

APPEAL · from Holt Circuit Court, HON. C. A.
ANTHONY, Judge.

*Reversed.*

Statement of case by the court.

This action is based on the following petition :

"The plaintiff states that it is a corporation, duly
incorporated under the constitution and laws of the
state of Missouri as a city of the fourth class ; that as
such incorporated city the plaintiff had, prior to the date
of the note hereinafter mentioned, by its board of alder-
men, adopted and promulgated an ordinance regulating
dram-shop licenses for said city of Craig ; that by the
provisions of said ordinance a city license tax for dram-
shops was provided for at the rate of one thousand dol-
lars per year, and such dram-shop license was not to be
issued for a period of less than six months ; that on the
—— day of January, 1886, the defendant, George W.
Smith, presented to said board of aldermen and mayor
of said city of Craig his petition in conformity with the
statute of the state of Missouri and the ordinances of said
city of Craig, praying the said board of aldermen and

the mayor of said city to grant to the said George W. Smith a city license to keep a dramshop in said city of Craig for a period of six months; that on the said —— day of January, 1886, the defendant paid to the said city of Craig the sum of two hundred and fifty dollars for said city license, and asked, requested, and petitioned said city of Craig, through its mayor and board of aldermen, to accept the promissory note of the defendants, herewith filed, as surety for the two hundred and fifty dollars yet due to the said city of Craig for said dramshop license; that on the payment of said sum of two hundred and fifty dollars and the making, executing, and delivering to said city of Craig the said promissory note herewith filed, dated January 28, 1886, by which defendants promised to pay to said city, for value received, the said sum of two hundred and fifty dollars, three months after the date thereof, with interest from maturity at ten per cent. per annum, said license to keep a dramshop in the city of Craig was, as petitioned for by said George W. Smith, duly issued to and accepted by the said George W. Smith, and that the said George W. Smith did open, run, and operate the dramshop by said city license authorized in said city of Craig for a period of six months; that the whole amount of said note, together with the interest thereon, remains unpaid and due to plaintiff, for which he asks judgment."

Defendants demurred to the petition for the reason, among others, that it stated no cause of action. The demurrer was overruled. On the trial, defendants objected to any evidence being given, for the reason that no cause of action was stated, in that the city of Craig had no power or authority to accept a promissory note payable to itself, for a dram-shop license. The objection was overruled.

Defendants asked an instruction in the nature of a demurrer to plaintiff's case, which, being overruled and judgment entered against defendants for the amount of the note, they appeal to this court.

JOHN W. STOKES and H. S. KELLY, for the appellants.

I.   The petition does not state a cause of action ; its statement of facts shows that the city plaintiff had no power or capacity to make the arrangement and take the note sued on, and the court erred in overruling defendants' objection to the introduction of any evidence by plaintiff. 1 Randolph on Com. Paper, sec. 336 ; *Knox City v. Thompson*, 19 Mo. App. 523 ; 1 Dill. on Mun. Corp. [3 Ed.] sec. 89.

II.   The instruction asked by plaintiff and given by the court should have been refused, and that asked by the defendants and refused by the court (that, under the pleadings and evidence, the finding should be for the defendants) should have been given. 1 Randolph on Com. Paper, sec. 341 ; 35 Iowa, 416 ; *Saxton v. Beach,* 50 Mo. 488 ; *Rumsey v. Schell City*, 21 Mo. App. 175 ; *Thrush v. City*, 21 Mo. App. 394 ; *Water Works Co. v. Kansas City*, 20 Mo. App. 237 ; *Worth v. City*, 78 Mo. 107 ; *Stewart v. Town*, 79 Mo. 603 ; *Rowland v. City*, 75 Mo. 134 ; *Cheney v. Brookfield*, 60 Mo. 53 ; *Mister v. City*, 18 Mo. App. 217 ; *United States v. Maurice*, 2 Brock, 96 ; *United States v. Lane*, 3 McLean, 365.

III.   The court erred in admitting in evidence an entry from the journal of ordinances—there was no evidence that said ordinance had been formally and legally passed—and said journal entry was not the best evidence.   Rev. Stat., secs. 4945, 4946.

IV.   The court erred in rejecting the offer of defendants to prove the fraudulent action of the mayor and board of aldermen in raising, or attempting to raise, the license, and that the note was given under protest. *Hannibal v. Guyot*, 18 Mo. 515 ; *St. Louis v. Oeters,* 36 Mo. 456 ; 1 Dill. on Mun. Corp., sec. 319, *et seq*.

No brief for the respondent.

ELLISON, J.—I am of the opinion that the city of Craig had no authority to accept a note of a dram-shop

keeper for his license, and that such note is void. As a city of the fourth class it has power to license dramshops at a rate to be fixed by ordinance. And it is provided by section 4956, Revised Statutes, that: "When the board of aldermen shall fix the rate of taxation, the clerk of the board shall charge the collector with the full amount of such taxes levied and to be collected, together with all licenses of every kind to be collected, and it shall be the duty of said collector to pay into the treasury weekly all moneys collected by him, taking a duplicate receipt therefor, one copy of which he shall file with the clerk; and it shall be the duty of such clerk to report to the mayor any failure of the collector to deposit the weekly collections as herein provided."

When a dram-shop license is fixed by ordinance and the license is delivered to the collector he is charged with the amount and becomes responsible to the city for such amount if the license be delivered. The city has no authority to adopt the credit system. The money should be paid before the delivery of the license, or at least concurrently with its delivery. This view is sustained by the Supreme Court in analogous cases: *State ex rel. v. Spencer*, 49 Mo. 342; *State ex rel. v. Maguire*, 52 Mo. 420.

It appears in this case, from a journal entry of the board of aldermen, that "the mayor was instructed by a vote of the board of aldermen to take a properly secured note for two hundred and fifty dollars as part payment for license tax for dramshop; said note to run three months from date." This was without authority of law and was not binding on the collector. The mayor has no part in the collection of a dram-shop license, further than as a member of the board he may take part in the municipal legislation on that subject. It is the collector's duty under section 4956, Revised Statutes, to collect such license.

I consider the note void and shall, therefore, reverse the judgment. All concur.