[No. 1273.]
Bowen v. West et al.

1. Taxation—Cities and Towns—Waterworks.
Under subdivision 71 of section 3312, Gen. Stats., forbidding cities to levy a special tax for water rent in excess of 3 mills on the dollar for any one year, where a city is indebted to a water company for back rents and no levy has been made for several years to meet such rents, the city may levy a tax to pay such rents in excess of 3 mills provided the levy is not in excess of 3 mills for each year for which no levy was made.

*Error to the District Court of Las Animas County.*

Messrs. Yeaman & Gove, for plaintiff in error.

Messrs. Abbott & Abbott, for defendants in error.

Bissell, J., delivered the opinion of the court.

The defendants in error are taxpayers living in Trinidad, who brought this suit against the county treasurer of Las Animas county and the city to restrain the collection of cer-

tain taxes. It appears by the complaint that city taxes had been levied to the extent of 15 mills on the dollar. This with the state, county and school taxes made a levy against the several parties in interest in various sums which need not be enumerated. Three of the plaintiffs paid the first half of the taxes levied against them for all purposes, and the second half as to the state, county and school. The other one, Murray, paid all the taxes except the city. The parties tendered the treasurer the amount properly leviable against them for everything except city purposes. The complaint recited that the council had passed a resolution providing for a levy of a named amount and particularly a special water tax of 5 1/2 mills to pay the indebtedness due The Trinidad Water Works Company. The plaintiff averred the treasurer was about to sell the property for the nonpayment of this tax, prayed that it might be declared illegal and that the treasurer be perpetually enjoined from collecting it or selling the advertised property. The defendant answered and set up the organization of The Trinidad Water Works Company, the construction of the waterworks for the city of Trinidad, and the execution of a contract to supply the city with water for a period of years. It appeared from the answer that the city had rented a large number of fire hydrants at an agreed annual rental, payable at fixed dates. The contract between the city and waterworks company contained a special stipulation that the city should annually levy and collect a tax sufficient to pay the agreed rent, and it was charged that a yearly levy of 3 mills was necessary to pay it. The city levied taxes and paid the rental up to October, 1889. There was no subsequent levy until October 8, 1890, when one of 1 1/2 mills was laid. It was charged by the answer that this was insufficient to pay the amount due, and on the 1st of October, 1892, the city owed the company about $13,000. After the allowance of the bill the city then proceeded to levy a tax of 5 1/2 mills in order to make provision for the payment of this audited debt. It sufficiently appeared by the answer that such a levy was necessary to liquidate the claim

which the city had allowed. The plaintiffs demurred to the answer, the cases were all consolidated, and a judgment was ultimately rendered for the plaintiffs. As appears therefrom it was entered on the theory that a 5 1/2 mills' levy was in excess of the statutory power of the city if it was laid in any one year.

The defendants in error have made a very extended and strong argument to the general proposition that the answer lacked averments essential to raise the questions on which the writ is predicated, and it might possibly be said that it would have been more satisfactory had it been a little more precise in its averments, but there is enough in the answer to render it unassailable to a demurrer that it does not state facts sufficient to constitute a defense. It is alleged that the city failed to levy its annual tax and collect sufficient funds for the payment of the water rental, and that there had accumulated against the city on this account a very considerable indebtedness which was ultimately audited and allowed. No taxes were levied from 1889 to 1892. We are inclined to be decidedly liberal in our construction of the pleading, although as a general proposition a pleading is to be taken most strongly against him who files it, because the judgment discloses that the defense was adjudged insufficient because of the want of power on the part of the city to levy a greater than a three mill tax in any one year. We do not deem it necessary to further analyze the answer, and have only to determine the question of the power of the city to levy the five and one half mill tax. The General Statutes, subdivisions 67, 69 and 71 of section 3312 grant power to cities to erect waterworks or to authorize others to build them. There are many specific provisions with respect to the terms and time for which such grant may be made. General power is given to cities in case waterworks are constructed by them or others to assess water rents from time to time as the city council may establish them. They are likewise empowered to levy and collect a special tax on property which shall be sufficient to pay the agreed water rents. The last paragraph of the

71st subdivision contains a limitation in these words: "Provided, however, that said last mentioned tax shall not exceed the sum of 3 mills on the dollar for any one year." The whole contention is over the force and effect of this limitation. On the one side it is claimed that it is an absolute limitation on the power of the city to levy a tax of more than three mills in any one year although a greater one may be necessary to liquidate the audited claims of the water company. On the other, it is insisted that if the city has failed to levy an adequate annual tax and one of three mills is not sufficient to pay what is due, the city may levy a greater one so long as the total levy does not exceed the three mill annual rate. In other words, if for any cause the city has failed to pay for three years the rent which is admitted to be due, the city may in the fourth year levy so much of the twelve mills as might have been levied if the levy had been made annually as shall be adequate to discharge the debt. The phraseology of the statute undoubtedly justifies the latter construction. If the proviso had been that no greater than three mills should be levied in any one year, the argument of the defendants in error would be unanswerable. No matter how great the debt might be or how equitable the obligation, the city would be powerless to make a levy beyond the sum named. The word "for" however, is not the equivalent of the preposition "in." We have a right to assume it was the purpose of the legislature that the levy for the water rent for any one year should not exceed the sum of three mills. Even though this be the proper construction it does not follow that a failure to levy thereby exhausts the power of the council. We are not exactly advised about the cause of the failure to make the levy. We do not know whether it was the result of a dispute between the city and the waterworks company as to the terms of the contract, the performance by the corporation of its obligations, or whether it came from the failure of the city council to act in the premises. Whatever it may be, whether the one or the other, so long as the city failed to levy a tax for 1890 and 1891 there still re-

mained with the authorities the right to levy a three mill tax for each of those years, providing in the exercise of their judgment such levy should be necessary to discharge a legitimate debt. The condition was caused either by the neglect of the constituted authorities or because of some disagreement between the parties. As we look at it whatever it may have proceeded from the power must still remain. If this were not true, it would compel the city to resort to its other revenues to pay its obligations and in some other particular the rights and interests of the city would be jeopardized and disturbed, and some other interest would be impaired. Similar provisions have been thus construed and while the adjudications are not numerous, the general principles laid down seem to be entirely applicable to the settlement of this controversy: *Commissioners of Osborne County v. Blake*, 19 Kas. 299; *East St. Louis v. Amy*, 120 U. S. 600; *State ex rel. v. Maguire*, 52 Mo. 420; *Sanford v. Prentice*, 28 Wis. 358; *Himmelman v. Cofran*, 36 Cal. 411.

Unless on the trial it should appear by proof, and it will be the subject of testimony, that the levy of a five and one half mill tax aggregated more than three mills for each year for the entire period to be covered by the levy, we must regard the tax as legal and within the grant of the power given by statute. What we have said is enough to indicate our opinion respecting the main proposition and as this disposes of the essential question we do not deem it necessary to discuss the right of the plaintiffs to file the bill and obtain the remedy they prayed.

For the error committed by the court in sustaining the demurrer, this cause must be reversed and remanded.

*Reversed.*