(June 2, 1910.)

## STATE, Appellant, v. WILLIAM WALL, Respondent.

[109 Pac. 724.]

ACTION TO RECOVER A LICENSE TAX—LIQUOR BUSINESS—DOING WITHOUT LICENSE—COMPLAINT — DEMURRER — CIVIL ACTION — CRIMINAL ACTION—LICENSE TAX FOR REVENUE—TAX TO REGULATE.

(Syllabus by the court.)

1. *Held,* under the provisions of sec. 1835, Rev. Codes, that where a person engages in the business of selling intoxicating liquors and fails or neglects to take out a license, an action may be maintained against him by the state for the recovery of the license tax.

2.  Under the provisions of sec. 3801, Rev. Codes, when the violation of a right admits of both a civil and criminal remedy, the right to prosecute the one is not merged in the other.

3.  Under the provisions of sec. 6983, Rev. Codes, every person who commences or carries on any business, trade, profession or calling, for the transaction or carrying on of which a license is required by the laws of this state, without taking out or procuring the required license, is guilty of a misdemeanor.

4.  Under the provisions of the statute, the license tax must be paid and a license procured before the commencement of any business or occupation requiring the payment of a license tax.

5.  The license tax required to be paid before a person may engage in the business requiring a license is not imposed as a penalty, but is a debt due the county or state for doing or conducting the business. The penalty for doing such business without a license is made a misdemeanor.

6.  The only action authorized by chap. 2, title 10, of the Political Code, is a civil action to recover a license tax, damages and costs of action.

APPEAL from the District Court of the Seventh Judicial District, for Washington County.   Hon. Ed. L. Bryan, Judge.

Action brought under provisions of sec. 1835 to recover license tax for conducting a saloon business.   Demurrer to complaint sustained.   *Reversed.*

D. C. McDougall, Attorney General, J. H. Peterson and O. M. Van Duyn, Assistants to Attorney General, and J. L. Richards, Prosecuting Attorney of Washington County, for Appellant.

It is incumbent upon every person desiring to sell or carrying on the business of selling intoxicating liquors or wines to first provide himself with the necessary license. (Rev. Codes, secs. 1506–1508, 1512, 1513, 1519, 1834, and 6983.)

If any person carries on, or attempts to carry on, such business without first procuring such license, under the provisions of sec. 1835, a civil action may be instituted against him to recover the amount of such license tax. (*Bingham County v. Fidelity etc.*, 13 Ida. 34, 88 Pac. 829; *State v. Doherty*, 3 Ida. 384, 29 Pac. 855; *State v. Life Ins. Co.*, 8 Ida. 240, 67 Pac. 647; *San Luis Obispo County v. Hendricks*, 71

Cal. 242, 11 Pac. 682; *City of Sacramento v. Dillman,* 102 Cal. 107, 36 Pac. 385; *State v. Hoeppner,* 9 Wash. 680, 38 Pac. 157; 12 Am. & Eng. Ann. Cas. 173 (note); *Crawford County v. Laub,* 110 Iowa, 355, 81 N. W. 590; *Guedert v. Emmet County,* 116 Iowa, 40, 89 N. W. 85; *State v. White,* 115 La. 779, 40 So. 44; *Burfiend v. Hamilton,* 20 Mont. 343, 51 Pac. 161; *Markle v. Newton,* 64 Ohio St. 493, 60 N. E. 619; *People's Bldg. etc. Assn. v. Hanson,* 7 Ohio Dec. 179.)

Sec. 3801, Rev. Codes, provides that ''When the violation of a right admits of both civil and criminal remedy, the right to prosecute the one is not merged in the other.'' That both civil and criminal actions may be maintained for the same acts is borne out by the following authorities: *State v. Doherty, supra; State v. Raymond,* 12 Mont. 226, 29 Pac. 732; *State v. Hoeppner, supra; State v. Hughes,* 24 Mo. 147; *State v. Pate,* 67 Mo. 488; *Elsberry v. State,* 52 Ala. 8; *Bolduc v. Randall,* 107 Mass. 121; Bish. St. Crimes, sec. 1001.

Ed. R. Coulter, Frank Harris and Chas. M. Kahn, for Respondent.

It is the contention of the respondent that sec. 1835, Rev. Codes, so far as the same applies to the recovery of liquor licenses, has been repealed and is not now in force and effect.

''Where a revision of the codes is ambiguous and of doubtful meaning and susceptible upon its face to two constructions, the court may look into prior and contemporaneous acts, the reasons which induced the acts in question, the mischief intended to be remedied, the extraneous circumstances and the purpose intended to be accomplished by it, to determine its proper construction.'' (Sec. 450, Lewis' Sutherland on Stat. Construction, 2d ed.)

The licenses for which the prosecuting attorney was authorized by sec. 1835 to institute suits for the recovery thereof were licenses for revenue only. In none of the cases enumerated in sections of the act of 1874–75, or in chapter 2, Rev. Codes, does the person engaging in the business for which said taxes are demanded have to make application or give any

bond for running of the business for which the license was asked.

The present liquor law under which we are now operating had its origin in an act of the legislature approved Feb. 6, 1891, entitled "An Act to Regulate the Sale of Intoxicating Liquors." (Sess. Laws 1891, p. 33.)

Sec. 22 of this act distinctly repeals sec. 1648, Rev. Stats. of 1887, and all acts or parts of acts inconsistent with its provisions. The act of 1891 is not an act for revenue, but, as the title of the act indicates, is an act to regulate the sale of intoxicating liquors. (*State v. Doherty,* 3 Ida. 384, 29 Pac. 855.)

SULLIVAN, C. J.—This action was brought on the 12th of August, 1909, in the name of the state, against the defendant, under the provisions of sec. 1835 of the Rev. Codes, to recover a license tax and damages for sales of intoxicating liquor made by the respondent during the year ending August 12, 1909, in the town of Midvale, Midvale precinct, Washington county.

It is alleged in the complaint that said defendant did keep for sale large quantities of intoxicating, spirituous, malt and fermented liquors and wines, and did during said year sell and carry on the business of selling said liquors and wines to divers and many persons; that during said time said defendant was without any license or proper authority to make said sales or to carry on the business of selling such liquors and wines; that thereby and by reason of the premises, the sum of $750 became and was due from said defendant, and payable to the collector of license taxes for the sale of intoxicating, spirituous, malt and fermented liquors and wines in said county; that no part of said $750 has been paid, and that the same is now due, and prays for judgment for $750 and for damages in the sum of $20 and for costs of suit.

To said complaint the defendant interposed what was in effect a general demurrer, which was sustained, and the plaintiff refused to plead further, and judgment of dismissal was entered. From that judgment this appeal was taken.

The only question presented is whether the court erred in sustaining said demurrer.

This action is brought under the provisions of sec. 1835, Rev. Codes of 1909, which is the same as sec. 1637, Rev. Statutes of 1887, and is as follows:

"Against any person required to take out a license who fails, neglects or refuses to take out such license, or who carries on, or attempts to carry on, business without such license, the collector may direct suit in the name of the state of Idaho as plaintiff, to be brought for the recovery of the license tax, and in such case either the collector or prosecuting attorney may make the necessary affidavit for a writ of attachment, which may issue without any bonds being given on behalf of the plaintiff. In case of a recovery by the plaintiff, twenty dollars damages must be included in the judgment and costs to be collected from the defendant, and when collected five dollars thereof must be paid to the collector and fifteen dollars to the prosecuting attorney prosecuting the suit."

The court, in sustaining said demurrer, in effect held that the provisions of said sec. 1835 are not applicable to this case, and that this action cannot be maintained under its provisions. It is contended by counsel for respondent that at the time sec. 1835 was adopted the statute in regard to licensing the business of selling intoxicating liquors was enacted for the purpose of revenue only, and not for the purpose of regulating business, and that the laws of this state now governing and controlling the business of selling intoxicating liquors are for the purpose of regulating said business and not for the purpose of revenue; that since they are for the purpose of regulation, the provisions of said sec. 1835 are not applicable, and the license tax cannot be collected by an action thereunder; that the only remedy of the state under the present law is a criminal action against the party selling intoxicating liquor without a license, under the provisions of sec. 6983 of the Rev. Codes.

There is nothing in those contentions. It is clear that our present license law, so far as the selling of intoxicating liquors

is concerned, is for the double purpose, first of regulating, and, second, of raising revenue, and under the provisions of sec. 3801, Rev. Codes, when the violation of a right admits of both a civil and criminal remedy, the right to prosecute the one is not merged in the other. And aside from that section, we have said sec. 1835, which provides a civil action for the collection of the license tax, whether such tax be for revenue or regulation. By our statute it is made a misdemeanor to commence the business of selling intoxicating liquors without first having obtained a license, and before a license can be obtained, the license tax must be paid. So if one does begin the business without having procured a license and paid the license tax, the collection of the license tax may be enforced against him under the provisions of said sec. 1835, and he may be prosecuted for a misdemeanor for doing business without a license, under the provisions of said sec. 6983, Rev. Codes.

It is alleged in the complaint that the respondent had conducted said business for a year prior to the commencement of this action. He has therefore had the benefit or profit of conducting said business for a year without a license, and is liable to the state for the amount of the license tax. The license tax is not imposed as a penalty, but is a debt due the county or state for doing or conducting the business. The penalty for doing the business without a license is provided for by the criminal law.

In *San Luis Obispo v. Hendricks,* 71 Cal. 242, 11 Pac. 682, the court said: "The license tax sought to be recovered in this action is not a penalty, but in the nature of a debt due from the defendant to the county, or, what is the same thing for present purposes, a duty devolved upon the defendant personally, which can be enforced precisely as though he had contracted with the county to pay such sum of money." In *City of Sacramento v. Dillman,* 102 Cal. 107, 36 Pac. 385, the court cites and quotes with approval from the case above cited, and holds that the license tax sought to be recovered in that action was not a penalty, but in the nature of a debt due from the defendant, which could be enforced precisely as

though he had contracted to pay the same. In the case at bar it was the duty of the defendant to pay the license tax before beginning business, and this action was brought to enforce the precise duty or obligation he was under to pay the license tax before beginning business. It is immaterial whether the license tax is imposed primarily for revenue or for regulation; and in either case its collection may be enforced as provided by sec. 1835.

In *Bingham Co. v. Fidelity Co.*, 13 Ida. 34, 88 Pac. 829, this court held that a license must be procured before the commencement of any business, the conducting of which required a license, and that if the party pays the tax to the sheriff and engages in the business before the board grants him the license, and the board finally refuses to grant the license, he cannot recover the license tax so paid. If a person commences such business without a license, he is not only liable to the county for the license tax, but also may be prosecuted criminally for doing the business without a license. It is contended that the rule there laid down is *dictum* in that case. Be that as it may, it is a correct rule of law as applied to the question here involved.

It is contended by counsel for respondent that since the license law of this state has been changed to one of regulation instead of one to raise revenue, the only action now authorized against one who sells intoxicating liquors without a license is a criminal action under the provisions of sec. 6983, Rev. Codes, and that no civil action can be maintained now for the recovery of a license tax under the provisions of sec. 1835. We are unable to concur in that contention. Sec. 1836, Rev. Codes, provides that upon a trial of any action authorized by the chapter of the code in which said section is found, chap. 2, title 10, of the Political Code, the defendant is deemed not to have procured the proper license unless he either produce it or proves that he did procure it. But he may plead in bar of the action a recovery against him and the payment by him in a civil action of the proper license tax, together with damages and costs. The only action authorized by said chapter is the action provided for in said section 1835 to recover

the license tax, damages and costs. Said chapter does not authorize or direct the criminal prosecution of a defendant who has violated the provisions of the license tax law.

The complaint states a cause of action and the court erred in sustaining the demurrer. The judgment is reversed and the cause remanded for further proceedings. Costs are awarded to the appellant.

Ailshie, J., concurs.