(June 2, 1910.)

STATE, Appellant, v. T. S. YOUNGBLOOD, Respondent.

[109 Pac. 726.]

SULLIVAN, C. J.—This case was submitted by stipulation at the time of the submission of the case of *State v. Wall, ante,* p. 300, 109 Pac. 724, and the complaint contained the same

allegations as the complaint in that case, with the exception that it is alleged that defendant Youngblood was engaged in the drug business at the time he is charged with selling intoxicating liquors.

Sec. 1522 of the Rev. Codes expressly prohibits druggists from selling intoxicating liquors to be drunk on the premises, and it is contended by counsel for respondent that this action is an attempt to license a business which is prohibited expressly by statute, and that cannot be done.   There is nothing in that contention.   The fact that Youngblood was engaged in the drug business would not relieve him from paying the license tax for carrying on the business of selling intoxicating liquors the same as saloonmen generally conduct it, any more than it would relieve a groceryman from paying the license tax for carrying on the business of selling intoxicating liquors. That being true, under the stipulation, upon the authority of the case of *State v. Wall, ante,* p. 300, 109 Pac. 724, the judgment must be reversed and the cause remanded for further proceedings.   Costs are awarded to appellant.

Ailshie, J., concurs.