## UNITED STATES v. JOURDEN.

(Second Division. Nome. April 22, 1911.)

Nos. 2259, 2260.

1. STATUTES (§ 211*)—CONSTRUCTION.

When doubt exists as to the meaning of the statute, the title may be looked to for aid in its construction.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 288; Dec. Dig. § 211.*]

2. INTOXICATING LIQUORS (§ 94*)—LICENSES—ENFORCEMENT—REMEDY.

The United States brought this civil action to recover $2,000, the amount fixed by section 468 of the Alaska Code of Criminal Procedure as the fee for a wholesale liquor license, alleging that defendant had conducted that class of business without paying the license so to do, in connection with his retail liquor business for which he had paid the license. Upon demurrer denying the jurisdiction of the court, held, the only remedy provided by statute to compel a wholesale liquor dealer to pay his license fee is that provided in section 472 of the Code of Criminal Procedure by criminal information or indictment, and not by civil suit. The court has no jurisdiction to enforce the payment of the license fee by civil suit. The remedy is a criminal prosecution.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 100; Dec. Dig. § 94.*]

The government, through its officers, brought two civil actions for $2,000 in each case, alleging said amounts to be due from the defendant as a license fee for having conducted a wholesale liquor business in the municipality of Nome, Second division of the district of Alaska. The same questions are involved in both cases, and they were argued and submitted together.

To this complaint, the defendant has in each case interposed a demurrer. The demurrer sets up, first, that the court has no jurisdiction of the subject of the action; second, that the complaint does not state facts sufficient to constitute a cause of action.

*See same topic & § NUMBER in Dec. & Am. Digs. Key No. Series & Rep'r Indexes

B. S. Rodey and N. H. Castle, Dist. Attys., both of Nome, for the United States.

Elwood Bruner, of Sacramento, Cal., and J. Allison Bruner and Geo. B. Grigsby, both of Nome, for defendant.

MURANE, District Judge. Both grounds of the demurrer raise an issue as to whether the government can by civil suit collect the license fee of $2,000, where it appears that a person has violated section 468 of Carter's Code of Alaska (Act March 3, 1899, c. 429, 30 Stat. 1339, as amended by Act Feb. 6, 1909, c. 80, 35 Stat. 602).

Counsel for the government very earnestly contend that this is a proper and permissible remedy, and cite numerous authorities which they maintain support this contention. In order to better understand the contentions of the respective parties and to be able to apply the authorities, we should constantly bear in mind the wording of our statute (section 472 of the Criminal Code of Alaska), which is as follows:

"Sec. 472. Penalty for Selling Liquors without License. That any one engaging in the sale of intoxicating liquors, as specified in this act, in the district of Alaska, who is required by it to have a license as herein specified, without first having obtained a license to do so as herein provided, or any person who shall engage in such sale in any portion of the district where the sale thereof is prohibited, upon conviction thereof shall be fined not less than one hundred dollars nor more than two thousand dollars, or be imprisoned for not less than one month nor more than one year; and upon every subsequent conviction of a like offense shall, in addition to the penalty above named, be imprisoned not less than two months nor more than one year."

The phrase "upon conviction thereof shall be fined * * * or be imprisoned" is of controlling importance in construing this act.

Section 474 of said license act (Carter's Code of Criminal Procedure), under the title "Procedure," reads as follows:

"Sec. 474. That prosecutions for violations of the provisions of this act shall be on information filed in the district court or any subdivision thereof, or before a United States commissioner, by the United States marshal or any deputy marshal, or by the District Attorney or by any of his assistants. Or such prosecution may be by and through indictment by grand jury, and it shall be the duty of either of said officers, on the representation of two or more reputa-

ble citizens, to file such information, or to present the facts alleged to constitute violations of the law to the grand jury."

The title of the act of March 3, 1899, is in the following language:

"An act to define and punish crimes in the district of Alaska and to provide a code of criminal procedure for said district."

In a very recent case which went to the Circuit Court of Appeals from this division, entitled John J. Sesnon Co. v. United States, reported in 182 Fed. 576, 105 C. C. A. 114, the court says:

"Where doubt exists as to the meaning of the statute, the title may be looked to for aid in its construction."

Counsel for the government in their brief and argument have evidently overlooked the difference in the wording of section 3242, Rev. Stat. (U. S. Comp. St. 1901, p. 2094), and the Alaska license act of 1899, as amended by the act of 1909. The Revised Statutes provided that any person who carries on the business of such dealer without having paid the tax shall be liable for the tax and also a fine of not less than $10 nor more than $500, while the Alaska Code only provides for a fine or imprisonment, clearly indicating in the latter case that only a criminal action is contemplated by the Code. Where that is the case, the rule is well settled that no civil action will lie.

The Supreme Court of the United States, in passing upon a statute which is to all intents identical with ours, laid this down as a settled rule in the case of United States v. Claflin, 97 U. S. 546, 24 L. Ed. 1082.

In the case of Ex parte Howe, reported in 26 Or. 184, 37 Pac. 537, in construing a statute having the words "conviction" and "punishment," appears the following pertinent language:

"The terms 'conviction' and 'punishment' each have a well-settled legal meaning, and are used in the law to designate certain stages and incidents of a criminal prosecution; and when the Legislature declared that for a violation of his official duty a county treasurer should, on conviction thereof, be punished, it manifestly intended that the proceedings against him should be on the criminal, and not the civil, side of the court."

To the same effect is the language of Ency. Pl. & Pr. vol. 16, at page 234, where the author says:

"With reference to penal actions, the word 'penalty' means, a forfeiture inflicted by penal statute; the word 'fine' a sum of money imposed by a criminal law. The use of these and other technical words and phrases will frequently determine the form of the action as respectively civil or criminal."

In the case of State of Iowa v. Chicago, B. & Q. R. Co. (C. C.) 37 Fed. 498, 3 L. R. A. 554 is contained a quotation from Blackstone, drawing a distinction between crimes and misdemeanors and civil injuries, in which it is said that "crimes and misdemeanors are a breach in violation of public rights and duties due to the whole community, considered as a community, in its social aggregate capacity," which brings to the mind of the court that the license act of Alaska is not alone for the benefit of the United States government, but that a community in Alaska has an interest in the question whether a license shall be granted or not; and the act protects that right by requiring the party applying for a license to secure the consent of a majority of the inhabitants before the license can issue. If the government could permit a person to violate the law and permit such person to conduct the business of wholesaling or retailing without first securing the license as required, and after the time had expired could sue and recover the amount of the license, this provision of the law could be defeated, and the citizens compelled to tolerate the existence of a barroom or wholesale house within its midst, and against the wish of a majority of the inhabitants.

The word "information," as used in the act, is defined by section 270, p. 91, of Carter's Code, and clearly shows that it is used in a criminal sense.

Where the statute provides the right and the remedy, only the statutory remedy can be followed. People v. Craycroft, 2 Cal. 243, 56 Am. Dec. 331; Reed v. O. R. R. Co., 33 Cal. 212.

In the case of Reed v. O. R. R. Co., supra, Judge Shafter uses the following quotation from Chief Justice Shaw:

"When a statute gives a new right and prescribes a particular remedy for its recovery, such remedy must be strictly pursued, though it is otherwise where a statute gives a right without prescribing a

remedy. In the latter case the common law affords the remedy, and any suitable form of action may be adopted."

Many of the authorities cited by counsel for the government are based either upon statutes creating a penalty or forfeiture without prescribing the remedy, and several of them are upon statutes which provide for a penalty, forfeiture, or fine, and prescribe a civil remedy, or both a civil and criminal remedy.

For instance, one of the cases relied upon, and from which counsel quote, is State of Idaho v. Wall, 18 Idaho, 300, 109 Pac. 724. If counsel had quoted the statute, which is set forth in the opinion, in addition to the extract from the opinion, it would have been of much more assistance to the court. A portion of the Idaho statute reads as follows:

"The collector may direct suit in the name of the state of Idaho as plaintiff, to be brought for the recovery of license tax, and in such case either the collector or prosecuting attorney may make the necessary affidavit for a writ of attachment, which may issue without any bonds being given on behalf of the plaintiff. In case of a recovery by the plaintiff, twenty dollars damages must be included in the judgment and costs to be collected from the defendant," etc. Rev. Codes, § 1835.

The case of United States v. Ebner, reported in 25 Fed. Cas. p. 973, No. 15,020, seems to lay down the proper rule to be followed as to the remedy to be pursued under different statutes. The court says:

"And, for our future guidance in relation to the violations of the internal revenue act, I venture to lay down the following rules: First, where the punishment prescribed is a pecuniary penalty or fine only, and where the act fixes the exact amount of it, the action of debt will lie to recover it. Second, where the punishment provided is a fine only, and the exact amount of it is not fixed by the act, but is left to the discretion of the court trying the case (as where the language is that the party shall be fined in any sum not exceeding a certain amount), there the action of debt will not lie, nor can any other civil action be the 'appropriate' remedy, but the prosecution must be by indictment. Third, in all cases in which the act provides that imprisonment may or must be a part of the punishment, there no civil action will lie, and the only remedy is by indictment."

Our statute falls within both of the last divisions quoted, and counsel for the government have cited no authority which holds that a civil action can be maintained under a statute of

that character. It will be noted that our statute does not declare a forfeiture of the license fee of $2,000, and that it may be collected by an appropriate remedy, but simply imposes a penalty for the violation of the law by way of a fine or imprisonment.

In further support of the proposition that a proceeding by information or indictment is the only remedy under our Code, the court wishes to call the attention of counsel to the case of State v. Marshall, reported in 64 N. H. 549, 15 Atl. 210, 1 L. R. A. 51; also 23 Cyc. 212(d). The court has examined numerous other cases which support this position, but deems it unnecessary to cite further authority upon this branch of the case.

The other phase of the law which was argued to some extent by counsel for the defendant, and to which the attorneys for the government devoted but little time, the court deems it unnecessary to pass upon, as the matter already considered disposes of the case; but in view of the fact that the matter may possibly come before the court in another form, when counsel will undoubtedly present a full argument upon authority, I will simply direct the attention of counsel on both sides to the following authorities which I have noted in my examination into the question passed upon: U. S. v. Clare (D. C.) 2 Fed. 57; U. S. v. Giller (C. C.) 54 Fed. 659; People v. Charbineau, 115 N. Y. 433, 22 N. E. 271.

The demurrers in each case are sustained.