TOWN OF GALLUP v. GALLUP COLD STORAGE CO.

(No. 2352.    June 18, 1920.)

SYLLABUS BY THE COURT.

1.  Under the law, as it exisited in this state prior to the

adoption of the constitutional prohibition amendment, the amount fixed by municipalities as a liquor license fee was not a tax, but was a burden imposed as the price of a privilege, and was exacted under the police power of the state.   P. 255

2.   Fees or charges for liquor licenses are not debts in the ordinary acceptation of the term.   The only methods for the collection of such fees are those provided by statute; and, if the statute does not provide for their collection by civil action, no such action can be maintained, and a liquor license issued without payment of the fee by the officer authorized to issue the same, upon payment of the prescribed fee, is null and void.                                              P. 256

Appeal from District Court, McKinley County; Raynolds, Judge.

Action by the Town of Gallup against the Gallup Cold Storage Company.   Judgment for defendant, and plaintiff appeals.   Affirmed.

EDMUND R. FRENCH, of Gallup, FRANCIS C. WILSON, of Santa Fé, and DANIEL K. SADLER, of Raton for appellant.

McFIE, EDWARDS & McFIE, of Santa Fé, and E. A. MARTIN, of Gallup, for appellee.

OPINION OF THE COURT.

ROBERTS, J.   This suit was instituted by the town of Gallup, a municipal corporation, against the Gallup Cold Storage Company, a corporation, to recover the sum of $5,080, alleged to be the balance due to said municipality for licenses issued to it by the defendant authorizing the sale and disposal of intoxicating liquors at wholesale within such municipality between July 1, 1916, and June 30, 1918.

The complaint had attachd to it as an exhibit Ordinance No. 85 of said town which fixed the license fee for wholesale liquor dealers at $3,000 per annum, payable semi-annually in advance.   To the complaint a demurrer was interposed on various grounds, only one of which need be considered, which, briefly stated, was to the effect that, the ordinance requiring the payment of the license fee in advance, the town authorities were

without power to issue the license upon credit; that the license so issued was null and void and the relation of debtor and creditor did not exist between the municipality and the appellee. The trial court sustained the demurrer, and appellant elected to stand upon its complaint; judgment was entered for appellee.

(1) As the ordinance under which the licenses in question were issued required the payment of the license fee semiannually in advance, no authority existed in the town authorities to issue the license on credit. The licenses, thus issued without the payment in advance of the fee required under the ordinance, were void. In this state, the amount fixed by municipalities as a liquor license fee, under the law as it then existed, was not a tax, but was a burden imposed as the price of a privilege, and was exacted under the police power of the state. This was the effect of the opinions by this court in the cases of Schwartz v. Town of Gallup, 22 N. M. 521, 165 Pac. 345, and Stalick v. Town of Gallup, 23 N. M. 405, 168 Pac. 707. In those cases we held that the trial court was not authorized to inquire into the question of the reasonableness of the license fee exacted by the town ordinance for the privilege of engaging in the sale of intoxicating liquor. Had these ordinances been revenue measures and the license exacted under the taxing power, it would, of course, have been proper for the court to have inquired into the question of the reasonableness of the tax. Laid under the police power for the purpose of regulating, restricting, and, to a certain extent, prohibiting the sale of intoxicating liquors the question of the reasonableness of the license fee was immaterial.

In Woollen and Thornton on Intoxicating Liquors, section 491, the author says:

"Where a statute requires the fee for a license to be paid before it is issued, it must be paid for the entire period of the licenses and be paid in advance, or the license will be void. No officer can waive such a provision of the statute. Payment in part is not sufficient, even pro tanto."

And the same rule would apply to a city ordinance enacted under authority of a legislative act.

In Joyce on Intoxicating Liquors, § 196, the author says:

"As a general rule, it is a condition precedent to the issuance of a valid license that the fee therefor shall be paid in advance. A license issued on credit, and without authority to is issue it is held not to be voidable merely, but void in the sense that it may be assailed even in a collateral proceeding."

In the case of Sandoval v. Meyers, 8 N. M. 636, 45 Pac. 1128, the court, in effect held that a liquor license issued by a county, without collection of the license in advance would be issued in violation of law.

In the case of Hencke v. Standiford, 66 Ark. 535, 52 S. W. 1, the town ordinance in question authorized the issuance of a liquor license by the recorder upon the applicant filing with him the receipt of the treasurer for the amount of money required to be paid for such license. Instead of paying the amount in cash the applicant gave his note to the treasurer, and the license was issued. Suit was instituted by the town to recover on the note. The court held that the license issued before the fee was paid in cash was void. Hence there was no consideration for the note.

In the present case, if the action in assumpsit can be sustained, clearly there would be sufficient consideration to give validity to a note given for the debt.

(2)    In the Arkansas Case the court says:

"Fees or charges for liqour licenses are not 'debts,' in the ordinary acceptation of that term. The only methods for the collection of such fees are those provided by statute; and, if the statute does not provide for their colelction by civil action, no such action can be maintained. Especially could this not be done in the face of an ordinance which provides for the payment of the license fee before the license shall issue, and prescribed the amount of the liabilities to the town, county or state in case of a sale without license, which is collectible by criminal procedure."

To the same effect are the following cases: Ristine

v. Clements, 31 Ind. App. 338, 66 N. E. 924; Doran v. Phillips, 47 Mich. 228, 10 N. W. 350; Spake v. People, 89 Ill. 617; McWilliams v. Phillips, 51 Miss. 196; City of Craig v. Smith, 31 Mo. App. 286; Zielke v. State, 42 Neb. 750, 60 N. W. 1010; Fry v. Kaessner, 48 Neb. 133, 66 N. W. 1126; U. S. v. Jourden, 4 Alaska, 354; U. S. v. Jourden, 193 Fed. 986, 113 C. C. A. 606.

Appellant cites the following cases as justifying the recovery in this case: Mayor, etc., of Jersey City v. North Jersey Street Ry. Co., 78 N. J. Law, 72, 73 Atl. 609; State v. Wall, 18 Idaho, 300, 109 Pac. 724; City of Lexington v. Wilson, 118 Ky. 221, 80 S. W. 811; City of Philadelphia v. A. & P. Tel. Co. (C. C.) 109 Fed. 55; State v. Fleming, 112 Ala. 179, 20 South. 846.

The New Jersey Case first referred to, was a suit by the city against the railway company for license fee due under an ordinance granting to the railroad company the right to construct and operate its road, which, it will be readily observed, is quite a different question from that involved in the issuance of a liquor license.

The case of State v. Wall, supra, arose under a statute of Idaho which specifically provided that an action might be instituted against any one required to take out a license who did not do so, and notwithstanding which they carried on the business for which the license was required. In such a case, of course, there could be no doubt as to the right to maintain such an action, where the license had not been obtained and the business was nevertheless conducted.

The court of Appeals of Kentucky, in the case of City of Lexington v. Wilson, supra, considered a license required of the proprietor of a feed, livery, and sale stable, and held that the ordinance was adopted for the purpose of raising a revenue. The court held that an action to recover the amount due, as in case of debt, could be maintained on failure of a party carrying on business to take out the license.

The federal case was an action brought by the city

of Philadelphia to recover license fees charged against the defendant in respect of its poles and wires, by virtue of certain ordinances. Clearly a revenue measure, consequently not governed by the same principle as that involved in the cases above, which consider the question of liquor licenses.

The case of State v. Fleming, supra, was decided by the Supreme Court of Alabama, and the court of that state has consistently held that liquor licenses are a tax for revenue.

Under the authorities we are required to hold that no right existed in the town of Gallup to recover the license fees in question in an action of debt. In the briefs filed by both parties here, many facts are referred to not contained in the record, cognizance of which of course cannot be taken by the court.

For the reasons stated, the judgment will be affirmed; and it is so ordered.

PARKER, C. J., and HOLLOMAN, District Judge, concur.

RAYNOLDS, J., having tried the case in the court below did not participate in this opinion.