THE MAYOR AND COUNCIL OF WILMINGTON, a municipal corporation of the State of Delaware, Plaintiff, v. DAVIS G. DURHAM, Defendant.

(*December* 29, 1958.)

CHRISTIE, J., sitting.

*Stewart Lynch*, City Solicitor, for Plaintiff.

*Howard L. Williams* and *Edmund D. Lyons* for Defendant.

Superior Court for New Castle County, No. 385, Civil Action, 1958.

CHRISTIE, J.:

By a civil action the Mayor and Council of Wilmington (herein called Wilmington or the City) seek to recover license fees for the years 1944 through 1957 which are alleged to be due from defendant, a practicing physician. Defendant moves to dismiss the complaint on the ground that the City is not authorized by law to bring a civil action to collect unpaid license fees.

There is no applicable ordinance of the City or statute of the State which expressly provides for a civil action by the City to collect license taxes.

The City Charter as enacted by the General Assembly permits the City

"* * * to sue and be sued, implead and be impleaded, answer and to be answered, defend and be defended, in all courts of law and equity or any other place whatsoever * * * and generally to have all the privileges and franchises incident to a corporation or body politic." 17 *Del. Laws,* Ch. 207, § 2 (1883).

The statute permitting Wilmington to levy a municipal license tax provides in pertinent part:

"That in order to provide for the payment of its debts and expenses the Council of the Mayor and Council of Wilmington in addition to the powers now conferred upon it shall have power and authority by ordinance or ordinances to issue licenses to and to require and receive a license fee from the owner or owners of any vehicle, business, avocation, profession, pursuit, or calling, operated, carried on or engaged in, within the corporate limits of the City of Wilmington including business occupations, animals and things not now exempted by law from tax in this State; provided, however, that no license shall be required from the owner of any vehicle who is not a resident of the City of Wilmington nor shall anything in this act apply to or affect any case wherein under existing laws a gross sum is paid to the State in lieu of all taxes under any and all laws of this State nor to any railroad company engaged in operating any railroad in this State under a lease or stock ownership thereof authorized by existing law." 31 *Del. Laws,* Ch. 29, § 1 (1920).

The ordinance of the City reads in pertinent part:

"Sec. 4. Penalty for Violation:—If any person, or persons, firm, company or corporation shall engage in, prosecute, follow or carry on within the limits of the City of Wilmington, any

trade, business, pursuit or occupation named in Section 1 of this ordinance, without first having obtained a proper license therefor he, she, or they and the individuals composing said firm or company, and each of them, and the president and directors of each of them of said corporation, for every such offense, shall be deemed guilty of a misdemeanor and, upon conviction thereof, in the Municipal Court of the City of Wilmington, * * * shall be subject to a fine not exceeding Twenty-five Dollars ($25.00), or imprisonment for a term not exceeding two (2) months, or both, in the discretion of the Court." (*Code of City of Wilmington,* 1942, Sec. 2065).

Defendant maintains that since the licensing ordinance makes specific provision for a criminal proceeding to collect the license tax, no civil remedy exists. Defendant also argues that statute on which the licensing ordinance is based does not authorize a civil action.

As to his first argument, defendant relies on the general rule:

"Where the statute or ordinance imposing a license fee or tax provides a special remedy for its collection, such remedy, if adequate, is generally exclusive and must be pursued, but sometimes the remedy is merely cumulative." 53 *C. J. S. Licenses* § 52, p. 682.

The City argues that the criminal remedy is not the exclusive remedy available to it. The City's argument rests upon an assertion that the criminal remedy specifically provided for by the ordinance is inadequate and the further assertion that the statutory provisions that the City may raise revenue by license fees (31 *Del. Laws,* Ch. 29, 1920) and the City Charter provision that it may sue and be sued together with the ordinance providing for a license tax create an implied right to bring a civil suit. Among the authorities cited by the City, the following seems to best sum up the City's position:

"Where no adequate remedy for the collection of a license fee or tax is prescribed in the license statute or ordinance, or

where the remedy prescribed is not exclusive, such fees or taxes may be collected by a civil action, such as by an action as for a debt, or by an action of assumpsit. Such an action when authorized may be maintained notwithstanding the act or ordinance imposing the license tax provides for a fine, penalty, or imprisonment for a failure to pay the fee or tax, unless the latter remedy is made exclusive. * * *" 53 *C. J. S. Licenses* § 53.

There are no Delaware cases on the issue raised.

There is a major difference of opinion among the Courts in other jurisdictions as to whether a civil action for license taxes may be brought by a municipality in the absence of specific authority. See the cases collected in 5 *A. L. R.* 1312 and 107 *A. L. R.* 652. The cases permitting the civil remedy sometimes emphasize the inadequacy of any other remedy and often refer to the right to bring a civil action as an implied power. *City of Independence v. Hindenach,* 1936, 144 *Kan.* 414, 61 *P.* 2d 124; *Mayor, etc., City of New York v. Eighth Ave. R. Co.,* 1890, 118 *N. Y.* 389, 23 *N. E.* 550; *City of St. Louis v. United R. Co.,* 1914, 263 *Mo.* 387, 174 *S. W.* 78.

The cases denying the municipalities the right to bring a civil action often refer to the criminal actions available to the municipality and emphasize the limited powers of municipalities. *Hencke v. Standiford,* 1899, 66 *Ark.* 535, 52 *S. W.* 1; *Town of Gallup v. Gallup Cold Storage Co.,* 1920, 26 *N. M.* 253, 191 *P.* 465; *City of Saint Paul v. Twin City Motor Bus Co.,* 1932, 187 *Minn.* 212, 245 *N. W.* 33.

The City seeks to explain the differences in the decided opinions in terms of the types of license taxes involved. Thus, the City argues that if a license tax is imposed primarily to regulate an activity, then a right to bring a civil action will not be implied. Whereas, argues the City, if as here, the statute is to raise revenue, then a civil action will be permitted. Although this argument has some merit, it too must stem from the adequacy or inadequacy of the other available remedies. Obviously,

a criminal sanction stands a good chance of being deemed adequate where the purpose of the ordinance is to regulate.

■ When the General Assembly enacted the City Charter and the statute authorizing license taxes, it must have intended to give the City not only the right to levy license taxes, but also the power to take such reasonable steps as are necessary and proper to collect such taxes. There was no attempt to make the enabling legislation complete. The statutes make no specific provision for either civil or criminal enforcement of the provisions of a licensing ordinance. The authority to levy and collect fees would be of little value without some means to require payment. Thus, it appears that the right to bring suit must be implied from the statute. The type of suit which might be provided for was left to the discretion of City Council. The authority to levy and collect fees would be of little value without some means to require payment. I conclude that by ordinance, City Council may provide for civil suits to collect license fees. I further conclude that the City Council, in adopting this particular licensing ordinance, intended such ordinance to be a revenue measure and that such ordinance was to carry with it whatever ancillary powers as were reasonably necessary and proper for its enforcement.

■ If the remedy specifically provided by ordinance is adequate to accomplish the reasonable and apparent tax objectives of the ordinance, no power to bring a civil suit to collect license taxes would be implied from the mere existence of the license ordinance.

■ On the other hand if the criminal remedy is inadequate, there being no provision that such remedy is exclusive, the right to bring a civil suit may be implied as necessary and proper in order to collect the license tax.

■ The remedy specifically provided for by ordinance confines the parties initially at least to the Municipal Court. The Municipal Court of Wilmington is a Court of limited criminal jurisdiction. 11 *Del. Code*, § 5702. It keeps no civil records

or tax judgment dockets and has no statutory authority to do so. None of the usual machinery for the filing or scheduling of civil matters or the recording of a tax judgment exists in that Court.

In a criminal proceeding, the City must prove the guilt of the defendant beyond a reasonable doubt; whereas, in a civil suit the plaintiff need only present a preponderance of the evidence. In a criminal suit a two year statute of limitations on the bringing of an action usually applies; in civil suits different rules apply as to limitations. In criminal cases, there is limited pre-trial discovery; in civil cases, each side has very extensive discovery privileges.

A criminal judgment in the Municipal Court would not be a lien on a defendant's property; a civil judgment in the Superior Court is a lien. Thus, in a criminal action the recovery of back license fees found to be due would be enforceable only after finding a defendant guilty of a crime and then only by way of criminal sanctions. Much more complete methods of collection are afforded in civil actions.

There are many other pertinent differences between the Municipal Court and the civil courts and between the criminal and civil practice in Delaware. Under all of the circumstances, I conclude that the limited criminal remedy afforded by the specific provisions of the ordinance is an incomplete remedy. The reasonable enforcement of the provisions of the ordinance requires more authority than is specifically granted. I, therefore, deem the criminal remedy inadequate and I find that the right to bring a civil action is to be implied from the statutes and ordinance.

Defendant's motion to dismiss the action is denied.